DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1921.

---

## N. T. Watson, Appellant, v. Herald-Despatch Company, Appellee.

1. LIBEL AND SLANDER—*when burden on plaintiff to prove malice.* In libel based on a newspaper publication which was qualifiedly privileged and which purported to set forth an account of judicial proceedings, viz., the pending of an indictment by the grand jury and the giving of bail by plaintiff, which expressed no opinion and contained no words which *per se* expressed malice, but on the contrary announced plaintiff's express denial of the accusation, the burden was on plaintiff to prove malice, and, on his failing to do so, the trial court properly directed the jury to find defendant not guilty.

2. LIBEL AND SLANDER—*when misstatements as to bail not libelous.* In libel based on a newspaper publication purporting to set forth an account of a certain judicial proceeding, where the gist of the libel, if there was any, would have been the false statement that plaintiff was indicted for the crime mentioned and was compelled to give bail, and where the facts were admitted to be true, misstatements as to the amount of bail which plaintiff gave and as to the nature of the stock, the sale of which formed the basis of the crime charged, were immaterial, and formed no basis for libel.

(557)

Watson v. Herald-Despatch Co., 221 Ill. App. 557. ·

Appeal from the Circuit Court of Macon county; the Hon. William K. Whitfield, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed April 19, 1921.

Wiley & Morey, for appellant.

LeForgee, Black & Samuels and McMillen & McMillen, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

Appellant sued appellee in the circuit court of Macon county to recover damages for libel on account of the publication of the following article in the Decatur Herald, a newspaper owned and published by the latter:

"Decatur Herald　　　Saturday　　　Decatur Herald.
September 27, 1919.

N. T. Watson Is Arrested.

"Under Bond in Shelby County Charged With Stock-Selling Swindle.

"N. T. Watson was placed under arrest here Thursday evening, charged by C. E. Fitzwater, of Findley, and W. H. Whitaker, of Shelbyville, with selling them stock under false pretenses. The two warrants for his arrest came as the result of indictments returned by the Shelby County grand jury in March, 1918.

Under Heavy Bond.

"Until recently there were no warrants issued for Mr. Watson and when action was finally taken, Watson claimed that he had known nothing of the indictments until arrested in Decatur. Deputy Sheriff Dan Higgins took Watson to Shelbyville, where he entered pleas of not guilty to the charges and was put under heavy bond for his appearance at the November term of the Circuit Court. The bonds were $3,000 on one warrant and $800 on the other. J. G. Hudson, of Moweaqua, gave the bond and Watson was released.

"When arrested here Watson was very indignant and denied that he has had dealings of a questionable nature with the men in question. In fact, he was so indignant that he threatened prosecution of his accusers.

### Failed To Get Loan.

"Information from the Shelby County Sheriff's office Friday night indicated that Fitzwater and Whitaker had taken out stock in an automobile concern with the understanding that payments could be made on the investment. It is alleged that Watson told the purchasers that after a certain amount of money had been paid on installments, a loan could be made on the investment, but this failed to materialize. The two buyers became disgusted and refused to make further payments on the stock. The indictments followed.

"Mr. Watson is well known in Decatur, having been in the insurance and real estate business for years. Recently he has represented the Industrial Securities Company, which manufactures automobile accessories."

At the close of appellant's evidence, the trial court directed the jury to find a verdict of not guilty, and this is an appeal to reverse the judgment rendered upon the verdict.

The publication was qualifiedly privileged, and it purports to set forth an account of certain judicial proceedings, viz., the finding of the indictment by the grand jury and the giving of bail by appellant. No opinion is expressed and the article contains no words which *per se* would imply malice, but on the contrary announces appellant's express denial of the accusation.

Appellant on his cross-examination admitted all the facts, published as such, to be true, with two exceptions. One of these is that the amount of bail on one of the indictments is stated as being $3,000, and the other is that the stock sold was not of an "automobile" concern but was of some other character of corporation. The gist of the libel, if there be one,

would be the false .statement that appellant was indicted for the crime mentioned and was compelled to give bail, but appellant admitted these facts to be true. There was no libel in the misstatements of the amount of bail appellant gave and that the stock sold was that of an automobile concern. These misstatements were immaterial and formed no basis for an action for libel.

What has been said answers the errors assigned to the sustaining objections of appellee to questions propounded to appellant on redirect examination, as each of them contained elements which were immaterial.

The publication being qualifiedly privileged, the burden was on appellant to prove malice, which he failed to do, and the trial court rightly directed the jury to find appellee not guilty. 25 Cyc. 412.

The judgment of the circuit court is affirmed.

*Affirmed.*