ROBERT LULAY, d/b/a HAUSAM'S MARKET, Appellee, *vs.*
PEORIA JOURNAL-STAR, INC., Appellant.

*Opinion filed Jan. 25, 1966.—Rehearing denied March 23, 1966.*

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS,
of Chicago, and McCONNELL, KENNEDY, McCONNELL &
MORRIS, of Peoria, (DON H. REUBEN, LAWRENCE GUN-
NELS, and CRAIG W. CHRISTENSEN, of counsel,) for ap-
pellant.

KELLSTEDT & YOUNG, of Peoria, (JAMES P. KELLSTEDT
and WILLIAM H. YOUNG, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion
of the court:

This is an appeal from a judgment of the circuit court
of Peoria County in an action for libel. The plaintiff Robert
Lulay obtained a jury verdict for $150,000 ($60,000 in

compensatory damages plus $90,000 in punitive damages) against the Peoria Journal-Star, Inc. Judgment was entered against defendant upon the verdict. The defendant appealed directly to this court claiming State and Federal constitutional questions. The defendant contends that the trial court's rejection of the defense of privilege to report governmental affairs and denial of the right to publish substantial truth violated section 4 of article II of the Illinois constitution and the first and fourteenth amendments to the United States constitution. The questions were raised below and passed upon by the trial court, which gives this court jurisdiction.

The plaintiff is the proprietor of a combined bakery, grocery store, meat market and restaurant in Peoria, the establishment known as "Hausam's Market", and also offers prepared food to the public through a catering service. Peoria food establishments are periodically inspected to determine and ensure compliance with the city's sanitary code. Plaintiff's market was inspected by city health officers in December 1958; the officers cited plaintiff's establishment for some 48 sanitary code violations. Among the enumerated charges were findings of mice, flies, and general uncleanliness; the Health Department did not issue a city food license to the plaintiff for the coming year.

Early in 1959 the plaintiff appeared at an informal hearing before the Health Department; the plaintiff represented to the Department that he would correct the deficiencies as soon as possible. He satisfied the Health Department's objections by early February and received his food license on February 4, 1959. The following day the defendant newspaper, after an interview with the Director of the Health Department, published the following article:

"HAUSAM'S CLEANS UP 18 VIOLATIONS.

"Hausam's Market, 3111 S. Adams St., has cleaned up 18 violations of the city's sanitary code and has been given a food license for 1959, it is reported by the City Health Department.

"The violations, including mice, flies and dirt, were noted by Louis W. Pickles, director of sanitation, in visits to the store Dec. 17 and 18.

"Robert Lulay is operator of the combination bakery, grocery, meat market and restaurant."

The plaintiff claimed that the above publication was a "libel *per se*" and that he was entitled to both compensatory and punitive damages. The defendant raised, by motion for summary judgment, motions for directed verdict at the close of plaintiff's evidence and at the close of all the evidence, and in the post-trial motion, the defense that the publication was privileged and nonactionable as an accurate report of the proceedings of government. The trial court rejected the defense and ruled that the publication was libelous *per se;* the court instructed the jury that the defendant must justify by proving the truth of the article "as full and as broad as the words published."

The only sustainable conclusion from the record is that the defendant's publication is an accurate and capsulized summation of the plaintiff's six weeks of difficulty with the Peoria Health Department. The right to speak and print about such actions of government is well established; denial of this right would be a serious infringement of both State and Federal constitutional guarantees of free speech and press. (*Wilson* v. *United Press Association,* 343 Ill. App. 238; *Kantor* v. *Dziennik Zjednoczenia Publishing Co.* 295 Ill. App. 412; *Watson* v. *Herald-Dispatch Co.* 221 Ill. App. 557; *Stice* v. *Beacon Newspaper Corp., Inc.,* 185 Kans. 61, 340 P. 2d 396; *Beyl* v. *Capper Publications, Inc.* 180 Kans. 525, 305 P. 2d 817; *Sciandra* v. *Lynett,* 409 Pa. 595, 187 A. 2d 586; *Sherwood* v. *Evening News Ass'n.* 256 Mich. 318, 239 N.W. 305; *Coleman* v. *Newark Morning Ledger Co.* 29 N.J. 357, 149 A. 2d 193; *Kilgore* v. *Koen,* 133 Ore. 1, 288 Pac. 192; *Williams* v. *Journal Pub. Co.* 211 Wis. 362, 247 N.W. 435; *Short* v. *News-Journal Co.* —— Del. ——, 212 A. 2d 718; *cf. New York Times Co.* v. *Sullivan,* 376 U.S. 254, 11 L. ed. 2d 686; *City of Chicago* v. *Tribune*

*Co.* 307 Ill. 595.) The trial court accordingly erred in holding that the defendant's publication was libelous *per se;* the court should have recognized and applied the defense of privilege as a matter of law.

The plaintiff concedes here that a privilege to report government proceedings exists, but contends that it does not encompass the acts, declarations or records of agencies at the lower levels of government, such as the Peoria Health Department. Section 611 of the Restatement of Torts definitely expresses the prevailing, if not unanimous, weight of judicial authority. The right to report the activities of "a municipal corporation or of a body empowered by law to perform a public duty is privileged, although it contains matter which is false and defamatory, if it is (a) accurate and complete or a fair abridgment of such proceedings, and (b) not made solely for the purpose of causing harm to the person defamed." The privilege plainly includes the right to report the activities of such agencies as the Peoria Health Department. See, *e.g., Davis* v. *Missourian Pub. Ass'n,* 323 Mo. 695, 19 S.W.2d 650; *Sherwood* v. *Evening News Association,* 256 Mich. 318, 239 N.W. 305; *Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers, Inc.* 260 N.Y. 106, 183 N.E. 193; *Conner* v. *Standard Pub. Co.* 183 Mass. 474, 67 N.E. 596.

The privilege to report governmental acts or utterances can only be defeated by proving that a particular publication was motivated solely by actual malice. (*Judge* v. *Rockford Memorial Hospital,* 17 Ill. App. 2d 365; *Beyl* v. *Capper Publications, Inc.* 180 Kans. 525, 305 P. 2d 817.) As expressed in the Restatement of Torts, section 611, a publication reporting government proceedings is nonactionable unless published "solely for the purpose of causing harm to the person defamed." The burden of proving actual malice is always upon the plaintiff, and it would not be the ordinary case where a plaintiff could establish that a news report or discussion of governmental activities was only

published because of actual malice. (*McDavitt* v. *Boyer*, 169 Ill. 475; *Judge* v. *Rockford Memorial Hospital*, 17 Ill. App. 2d 365; *cf. Garrison* v. *Louisiana*, 379 U.S. 64, 13 L. ed. 2d 125; *Lundstrom* v. *Winnebago Newspapers, Inc.* 58 Ill. App. 2d 33.) Although the plaintiff contends that the defendant here was guilty of actual malice, plaintiff did not offer any evidence remotely creating an issue of fact as to whether defendant's news article was conceived or inspired solely because of a malicious design to injure the plaintiff or his business. The plaintiff had the obligation both upon the motion for summary judgment and at the trial to adduce all of the evidence he believed would satisfy his burden. *Harrell* v. *Summers*, 32 Ill. App. 2d 358; *Porter* v. *Miller*, 24 Ill. App. 2d 424; *Killian* v. *Welfare Engineering Co.* 328 Ill. App. 375.

In view of the conclusion reached, we do not reach or consider defendant's claim of constitutional error in the trial court's instruction concerning the degree of proof required to establish the defense of truth. (Ill. Const., art. II, sec. 4; see *Garrison* v. *Louisiana*, 379 U.S. 64.) The rule is well established that constitutional questions are not decided unnecessarily. *In re Estate of Ersch*, 29 Ill.2d 572.

The judgment of the circuit court is hereby reversed.

*Judgment reversed.*