**J. L. Kamsler, Plaintiff-Appellant, v. Chicago American Publishing Co., Inc., Defendant-Appellee.**

**Gen. No. 50,807.**

First District, Third Division.

March 16, 1967.

J. L. Kamsler, pro se, of Chicago, appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Don H. Reuben and Lawrence Gunnels, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff appeals from an order dismissing his complaint in libel based on two articles printed in defendant's newspaper on March 25th and March 26, 1964. He contends that the matters related in the articles are libelous per se and that no privilege exists with respect to their publication. The articles follow.

Article of March 25, 1964.

"$40,000 SWINDLE PROBED BY JURY.

"A rapidly-moving confidence game that allegedly netted two men $40,000 to $100,000 is under grand jury investigation.

"Fifty complainants have told the state's attorney's office that Allan Solomon, 44; and Jack Kamsler, 51, bilked them by setting up phony companies, buying merchandise on credit, selling out at rock-bottom prices, and then moving on and leaving unpaid bills.

"Four complainants have been subpenaed to testify before the grand jury Wednesday.

"Solomon and Kamsler operated the swindle in transactions with steel, clothing, household goods, hardware, and other commodities, according to the complaints.

"Assistant State's Atty. Clyde Bofles presented six witnesses to the grand jury Tuesday. They included two truck drivers who made deliveries.

"Solomon is free on $17,000 bond, and Kamsler on $10,000 bond on charges of theft by deception.

"The state's attorney's office said neither man has a known permanent address."

Article of March 26, 1964.

"More Indictments on Fraud Charge.

"The county grand jury Thursday reportedly voted to indict Allan Solomon, 44, and Jack Kamsler, 51, on 11 counts of confidence game and theft by deception for allegedly obtaining $11,423.17 by fraud from five steel and aluminum firms.

"The same two men, who made $40,000 to $100,000 in a fast-moving confidence game, according to the state's attorney's office, were reportedly named by the grand jury Wednesday in indictments charging grand theft by deception and conspiracy.

"6 Aliases Listed.

"Authorities say Kamsler is also known as Joe White, Dick Conlon, D. Thomas, Ken Atley, Bob Hacker, and Darell Eastman.

"Fifty complainants have charged to the state's attorney's office that Solomon and Kamsler bilked them by setting up phony companies, buying merchandise on credit, selling it at low prices, and then moving on, leaving bills unpaid.

"Firms Listed.

"Firms and the amounts they charge they were bilked of, involved in Thursday's grand jury action, are:

"MFI corporation 9525 Franklin av., Franklin Park, $3,501.00; Cain Steel company, 5501 Grand av., $1,291.90; Beverly Steel corporation, 400 E. 142d st., Dolton, $2,997.65. G. & H. Steel Plates, Inc., 2910 W. Carroll Ave., $2,144.98, and Clearing Steel, Inc., 6400 W. 66th St., Bedford Park, $1,371.90.

"The state's attorney's office said it will go before future grand juries with stories of deals involving clothing, bicycles and Christmas trees."

88

 It appears from plaintiff's brief and oral argument that the particular portions of the articles which he contends are libelous are: first, the final paragraph in the article of March 25th, which states that plaintiff has no known permanent address, and, second, the third paragraph of the article of March 26th, reciting that plaintiff was known by several aliases. With respect to the former, the words in question are not libelous per se. They do not impute the commission of a crime, nor are they so "obviously and naturally hurtful . . . that the proof of their injurious character can be . . . dispensed with." Reed v. Albanese, 78 Ill App2d 53, 223 NE2d 419. Furthermore, the words themselves could be construed as meaning merely that plaintiff's address was not "known." Where an innocent construction can be placed upon words alleged to be actionable, the suit must fail. John v. Tribune Co., 24 Ill2d 437, 181 NE2d 105. The remaining portions of the article of March 25th provide no basis for a libel action as they come within the classification of reports of governmental activities and are privileged unless shown to have been inaccurately reported. Lulay v. Peoria Journal-Star, Inc., 34 Ill2d 112, 214 NE2d 746; cf. Coursey v. Greater Niles Tp. Pub. Co., Inc., 82 Ill App 2d 76.

 Similarly, the third paragraph of the article of March 26, 1964, cannot be the basis of a libel suit because the aliases there listed were contained in the several indictments against the plaintiff and are therefore privileged as accurate reports of judicial proceedings. Lulay v. Peoria Journal-Star, Inc., supra. The remainder of the second article comes within the same privilege.

The trial court properly dismissed plaintiff's complaint and its order must be affirmed.

Order affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.