James Lotrich, Plaintiff-Appellant, v. Life Printing &
Publishing Co., Inc., an Illinois Corporation, and
John F. Kubik, Defendants-Appellees.

Gen. No. 53,688.

First District, First Division.

November 24, 1969.

William A. Cain, of Chicago, for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, or Chicago (Don H. Reuben, Lawrence Gunnels, and Calvin J. Collier, of counsel), for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an action to recover damages for libel as a result of publication of an article by the defendants which reported the disposition of a criminal case against the plaintiff. The defendants moved for summary judgment on the grounds that the article was a privileged report of official governmental proceedings and records. Plaintiff filed a verified reply. The court granted summary judgment in favor of the defendants and dismissed the case with prejudice. From this judgment plaintiff appeals.

On July 24, 1968, plaintiff James Lotrich, filed a complaint at law alleging that he was libeled by an article which appeared on June 29, 1968, in the defendants' "Suburban Life," a weekly newspaper of general circulation in the suburbs of Cook County. The complaint set forth the article haec verba:

"N R RESIDENT SENTENCED TO PROBATION

"A sentence of one year's probation was given Wednesday in La Grange Park court by Judge Harry Schrier to James Lotrich, 2314 S 17th, North Riverside, on a charge of indecent exposure before two Evergreen Park women, May 2, near La Grange Rd. and Brewster.

"He pleaded guilty.

"He also was advised to seek medical help and to report quarterly to the court on his medical condition."

The complaint alleged that the article was wholly false and defamatory in that (a) plaintiff was not sentenced to or given one year's probation; (b) he was only charged with "disorderly conduct"; (c) he did not plead guilty to any charge; and (d) he was not to report quarterly to the court on his medical condition. The complaint further alleged that by reason of the premises of the article plaintiff has been damaged and injured in his reputation and his ability to obtain employment in the community in which he lives. He requested judgment for $500,000.

In the motion for summary judgment, defendants asserted that (1) the newspaper article was a protected exercise of the right to report the actions, utterances, and records of government; (2) the article was a protected exercise of the right to report substantial truth; (3) the article was within the rights of free speech and press guaranteed by the United States and Illinois Constitutions; and (4) the complaint failed to set forth a cause of action.

There were four exhibits attached to the motion. Exhibit "A" was the official record entry of the La Grange Park Police Department concerning the disposition of the plaintiff's case. It recites that James E. Lotrich was arrested on May 2, 1968, on the charge of "Disorderly Conduct (Exposure)" upon complaint of Mrs. Holzkampf. It was headed as Court Disposition before Judge Harry Schrier on June 26. Then it disclosed the following:

"Plea: Guilty

"Disposition: Guilty as charged, placed on one (1) year probation to be terminated 25 June 1969; to secure medical assistance and doctor(s) conducting treatments to send court a report quarterly during probation period."

Exhibit "B" is another entry of the La Grange Park Police Department. It recites that the victim was Mrs. Helen Holzkampf and the offense was "Exposure" on May 2, 1968. It then proceeds:

"Charge: Disorderly Conduct

"Hearing

"Judge Harry Schrier

"Finding: Guilty—1 yr. Super to 6/25/69

"To receive medical aid—quarterly reports to court"

Exhibit "C" was the sworn complaint signed by Helen Holzkampf before Magistrate Harry A. Schrier on May 3, 1968. It charges that James Lotrich committed the offense of Disorderly Conduct "in that he knowingly exposed his privates in such unreasonable manner as to alarm and disturb another and to provoke a breach of the peace" on May 2, 1968.

Exhibit "D" was the court's disposition sheet. The order of Judge Schrier recites: "Suspension for 1 year. Quarterly reports from Psychiatric Clinic 6/25/69."

The record further shows that pursuant to a court order the defendants subsequently filed as exhibits a letter dated October 15, 1968, in which Judge Harry A. Schrier enclosed a certified copy of the file jacket. On the face of the file jacket appears the handwritten entry of the Judge, "Facts stipulated by Atty. for Def. Agreed to 1 yr. Supervision. Trial C. & C. Quarterly reports from Psychiatrist."

In the recent case of Lulay v. Peoria Journal-Star, Inc., 34 Ill2d 112, 214 NE2d 746, the Supreme Court recognized and applied the privilege of a newspaper to report governmental proceedings free from attack for libel. In that case the article in question stated that the City Health Department had reported that the plaintiff's grocery store and restaurant had cleaned up eighteen violations of the city's sanitary code "including mice, flies, and dirt" and had been given a food license. The Supreme Court reversed a judgment for the plaintiff because it concluded that the defendant's publication was an accurate and capsulized summation of the plaintiff's six weeks of difficulty with the Peoria Health Department. In support of its conclusion the court stated:

> The right to speak and print about such actions of government is well established; denial of this right would be a serious infringement of both State

and Federal constitutional guarantees of free speech and press. (Citing numerous cases.) The trial court accordingly erred in holding that the defendant's publication was libelous per se; the court should have recognized and applied the defense of privilege as a matter of law. 34 Ill2d 112, 114, 214 NE2d 746, 747.

The court held that the privilege to report governmental proceedings includes the right to report the activities of such agencies as the Peoria Health Department and that the privilege can only be defeated by proving a particular publication was motivated solely by actual malice.

 If the article is an accurate account of the disposition of plaintiff's case, then it is privileged as a matter of law. Plaintiff argues that the newspaper article changed the true results of his case. We will examine each of his contentions.

 It is argued that plaintiff was only charged with "Disorderly Conduct" while the article said he was charged with "Indecent Exposure," which is not a crime in Illinois. In fact, he was charged with "Disorderly Conduct in that he knowingly exposed his privates in such unreasonable manner as to alarm and disturb another and to provoke a breach of the peace." "Indecent Exposure," in its ordinary meaning, was a fair summary of the full charge and did not carry more horrendous connotations.

 Plaintiff argues that he did not plead guilty. While he did not enter a formal plea, the Circuit Court records show that the facts were stipulated by his attorney. The charge was not contested. We do not think that the characterization of this as a guilty plea carried a greater sting.

 It is also argued that plaintiff was not sentenced to or given one year's probation. Plaintiff was given

supervision for one year. "Probation" which implies no further punishment on good behavior is not a harsher word than "supervision" which indicates being under someone's control.

■ Plaintiff further contends that he was not ordered to report quarterly to the court on his medical condition. Plaintiff does not dispute that the court advised him to seek medical counsel. Once that is established, it is immaterial whether it was plaintiff or the physician who was to report quarterly to the court on plaintiff's medical condition.

■ We think that the defendants' article was an accurate summary of the disposition of the plaintiff's case. It must be remembered that the same technical accuracy is not required in this case as it would be if the plaintiff were appealing from the judgment of the criminal case. Since the article was generally accurate, the fact that it was inaccurate in stating that the offense was committed before two women when it was actually committed before one, is a minor, immaterial variance and should be disregarded since the substance of the charge was justified. Wilson v. United Press Ass'ns, 343 Ill App 238, 244, 98 NE2d 391, 393.

■ Plaintiff alleges that the news article was false and inaccurate because it was not a precise and literal report of the court files. It is plaintiff's contention that the defendants had no right to base news reports upon the police records, but were confined to the court files. As we have already noted, the article was an accurate summary of the disposition of the plaintiff's case. It is also true, that the courts have consistently held that news reports based on the records and utterances of police and other law enforcement officers are protected by the report privilege. See, e. g., Short v. News-Journal Co. (Del), 212 A2d 718 (1965) (Statements of an Internal Revenue agent); Sherwood v. Evening News

95

Ass'n, 256 Mich 30, 239 NW 305 (statements of local deputy sheriff) ; Francois v. Capitol City Press (La Ct App), 166 So2d 84 (1964) (entry in police department "log book") ; Piracci v. Hearst Corp., 263 F Supp 511 (D Md), affd 371 F2d 1016 (4th Cir) (log and arrest record of city police department).

The present case is distinguishable from the two cases on which plaintiff principally relies. In Coursey v. Greater Niles Tp. Pub. Corp., 40 Ill2d 257, 239 NE2d 837, the defendant's article stated that the fire and police commission had found the plaintiff, a former patrolman, guilty of all charges and ordered him discharged from the department. In fact, the commission had only found the plaintiff guilty of four of the five charges. The charge on which no verdict was entered alleged that the plaintiff was guilty of "conduct tending to bring the Skokie Police Department in disrepute resulting from the alleged improper conduct complained of by the citizen." The complaining citizen was a teenage girl who charged that the officer had made immoral suggestions of a sexual character to her. This charge encompassed the "sting or gist" of the allegedly libelous statements in the article charging Coursey with having been adjudged guilty of unbecoming conduct. Since the report of the commission's proceedings was thus inaccurate as a result of error by the defendant, it was not privileged.

Similarly, in Lorillard v. Field Enterprises, Inc., 65 Ill App2d 65, 213 NE2d 1, the defendant was alleged to have inaccurately reported through its own error that the plaintiff's former wife had started a suit against him for bigamy after he remarried. Since the defendant had gone beyond the facts and the record, its report was not privileged.

■ ■ In the present case, the newspaper article was an accurate summary of the disposition of the criminal case against the plaintiff. The article was there-

fore privileged, and under the authority of Lulay it must be shown that the article was motivated solely by actual malice. Since the plaintiff did not allege malice, his suit must fail.

The pleadings disclose no factual issues, and summary judgment was therefore properly entered against the plaintiff. The judgment of the Circuit Court is affirmed.

Affirmed.

ADESKO, P. J. and MURPHY, J., concur.