PAUL F. BANNACH, a minor, by FRANK BANNACH, his father and next friend, Plaintiff-Appellant, *v.* FIELD ENTERPRISES, INC., Defendant-Appellee.

(No. 55062; 

First District—May 1, 1972.

T. Ronald Herbert, of Chicago, for appellant.

A. Daniel Feldman, Peter A. Tomei, and Linda R. Hirshman, all of Chicago, (Isham, Lincoln & Beale, of counsel,) for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is an appeal from an order granting the defendant's Motion for Summary Judgment. Paul F. Bannach, a minor, by Frank Bannach, his father and next friend, brought an action against the Field Enterprises, a corporation which publishes The Chicago Daily News. The complaint charged that on the 17th of November 1967, the defendant, "* * * maliciously * * * published * * * a certain article containing false, scandalous, malicious libel of and concerning the Plaintiff * * *." The pertinent portion of the article consists of the following:

"The other dropout, Paul F. Bannach, 18, of 3757 N. Monticello, was

fined $100 and placed under supervision for one year. He was charged with pushing and shoving a teacher who had ordered him out of a school building."

The complaint further charged that the plaintiff was not fined $100.00, nor found guilty as the article implies.

The defendant filed a Motion for Summary Judgment which was supported by the affidavits of Robert G. Schultz, the Assistant City Editor of The Chicago Daily News at that time, and Saul Epton, the judge who presided in the case of *People v. Bannach*, 67 MC 670929, and which was the subject of the alleged libel. In his affidavit, Schultz stated that the article was taken from a report received by The Chicago Daily News from the City News Bureau, a wire service with an independent staff of reporters. The affidavit further stated that The Chicago Daily News frequently publishes news items based on City News Bureau reports, and that organization has been found to be a reliable source for news. The contents of this affidavit were uncontroverted. Judge Epton, in his affidavit, stated that Bannach was not found guilty but was instead placed on supervision and ordered to contribute $100.00 to a charity. The affidavit further stated that this procedure was followed in order to avoid a technical finding of guilt.

■■ It is the rule that reports of judicial proceedings are conditionally privileged so long as, *inter alia*, the report is fair and accurate. (*Lulay v. Peoria Journal-Star, Inc.*, 34 Ill.2d 112.) This conditional privilege will not be deemed to have been abused if the report is inaccurate and the publisher reasonably believed the defamatory matter to be true. (*Zeinfeld v. Hayes Freight Lines, Inc.*, 41 Ill.2d 345.) In *Rosenbloom v. Metromedia*, 403 U.S. 29, the Supreme Court held that in situations involving private individuals as well as public figures (see *New York Times, Co. v. Sullivan*, 376 U.S. 254), in order to recover damages resulting from a newspaper's publication of an inaccurate and defamatory report, the plaintiff must prove that the publisher, "* * * entertained serious doubts as to the truth of his publication." *Rosenbloom v. Metromedia, supra*, at 403 U.S. 56.

■■ In the case at bar, whether we apply the reasonable belief standard or the reckless disregard standard, the conclusion must be the same. The plaintiff's complaint failed to allege that the defendant had knowledge of the falsity of its statement, see *Suchomel v. Suburban Life Newspapers*, 40 Ill.2d 32. Furthermore, the fact that the defendant reasonably believed the contents of its report to be true was never controverted by the plaintiff. We must conclude therefore, that there was no genuine issue of fact as to whether the defendant abused its privilege, and that

the trial judge was correct in granting the defendant's Motion for Summary Judgment. (*Gawel v. Chicago American Publishing Co.*, 1 Ill.App. 3d 481.) The judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and LYONS, J., concur.