VINCENT DOSS, Plaintiff-Appellant, *v.* FIELD ENTERPRISES, INC., Defendant-Appellee.

(No. 60986; ▮▮▮▮▮▮▮▮▮

First District (4th Division)—July 9, 1975.

Dick H. Mudge, Jr., of Edwardsville, and William R. Jordan, Jr., of Chicago, for appellant.

A. Daniel Feldman and Michael A. Pope, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Vincent Doss, filed a libel suit against the defendant, Field Enterprises, Inc., on September 15, 1969, in Madison County, Illinois, alleging that the defendant maliciously published an article in while all references to the plaintiff were false. The case was transferred to the Circuit Court of Cook County, and on May 4, 1971, a default against the defendant was entered from its failure to file a pleading to the complaint.

On June 3, 1971, the case went to trial on the issue of damages alone, and the jury returned a verdict in favor of the plaintiff in the amount of $100 and punitive damages in the amount of $15,000. The defendant ap-

pealed, and the appellate court reversed and remanded based on a finding that it was error to enter the default judgment.

On April 19, 1974, the defendant filed a motion for summary judgment based on the pleadings and testimony at the hearing in June of 1971. The motion was allowed by the trial court on June 23, 1974, and the plaintiff appeals from that judgment.

The article complained of was written by Ray Brennan after an interview with Charles Siragusa, Executive Director of the Illinois Crime Investigating Commission, and referred to the plaintiff as follows:

"Harris owns Buddy-Buddy Enterprises, Inc., a cigarette distributing company near Murphysboro. Two of his lieutenants, Vincent (Red) Doss and George Garner, operate Cairo Sales & Vending Co., in Cairo. Between them, Siragusa said, the firm controls practically every cigarette vending machine in southern Illinois.

'Reign of Terror'

'There's an absolute reign of terror whenever anyone tries to compete with these racketeers,' Siragusa said. 'It is reminiscent of the Bonnie and Clyde days. These guys even go around wearing pistols out in the open.'"

The complaint filed by the plaintiff contained the following relevant allegations:

"3. That the statement that the plaintiff referred to as Vincent (Red) Doss, is a lieutenant of a man named Harris who is referred to in the article as 'Southern Illinois crime syndicate chieftain Edward LaVarne (Buddy-Buddy) Harris' is false.

4. That the defendant meant, and intended to mean, and that newspaper readers of ordinary intelligence and understanding would understand the article to mean that the plaintiff is a member of some sort of criminal gang, syndicate, or association, that he is involved in criminal activities described in the article, that he carries a gun, and that he is associated with a man named Harris who has allegedly threatened to murder criminal investigators for the State of Illinois. In these respects the article is totally false and untrue."

He also alleged he had been damaged in the sum of $100 and asked for punitive damages in the amount of $100,000.

The plaintiff's sole argument is that he is a private citizen, and the article complained of is libelous per se. Therefore, the complaint stated a cause of action requiring the defendant to file an answer to the complaint.

■■ The privilege to report the acts and utterances of governmental bodies and officials is well established in Illinois. In the case of *Lulay v.*

*Peoria Journal-Star, Inc.* (1966), 34 Ill.2d 112, the court reversed a jury verdict for the plaintiff and held that the privilege applied to newspaper accounts of statements made by the Peoria Health Department regarding the condition of plaintiff's food store. The court rejected as insufficient the plaintiff's generalized and unsubstantiated assertions of malice and rejected the assertion that the privilege has no application when the plaintiff is claiming that the article constitutes libel per se. Also see *Lotrich v. Life Printing & Publishing Co.* (1969), 117 Ill.App.2d 89, and *Gawel v. Chicago American Publishing Co.* (1971), 1 Ill.App.3d 481.

In the case at bar there was no allegation by the plaintiff and no evidence in the transcript of the 1971 hearing that the article was anything but a fair and accurate account of statements made by Mr. Charles Siragusa in his capacity as Executive Director of the Illinois Crime Investigating Commission, a commission created by the legislature to investigate and report on activities involving organized crime (Ill. Rev. Stat. 1969, ch. 38, § 203—1 *et seq.*). Therefore, the article comes within the privilege.

■■ In the recent case of *Gertz v. Welch* (1974), 418 U.S. 323, 41 L.Ed.2d 789, 94 S.Ct. 2997, the United States Supreme Court attempted "to reconcile State law with a competing interest grounded in the constitutional command of the first Amendment." The court held that States may allow damages only for such actual injury as the plaintiff proves and that punitive damages are available only if the plaintiff meets the standard of *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, which requires proof that the statements were made with actual malice, that is with a knowledge that it was false or with a reckless disregard of whether it was false or not. At the hearing held in 1971, the plaintiff's counsel made the following statement in his closing argument:

> "We have not proved nor have we sought to prove that Mr. Doss was hurt in any way because he wasn't. He wasn't hurt in Cairo and that is where he lives.
>
> However, the law of this case and the law that Judge Elward will tell you about, says that when a man has been libeled, when there has been a false and malicious libelous statement made about him, it is presumed at law that he has been damaged."

In the absence of affidavits indicating there is evidence to the contrary, the plaintiff is precluded from recovering in the instant action. Under both Illinois law as set forth in *Lulay* and under the *Gertz* decision the plaintiff would have to plead and prove he suffered some actual damage and that the defendant published the article knowing it was false or in reckless disregard of whether it was false. Clearly, the plaintiff made no attempt to satisfy his burden.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.