CHESTER GAWEL et al., Plaintiff-Appellant, v. CHICAGO AMERICAN PUBLISHING COMPANY, Defendant-Appellee.

(No. 55207; ■■■■■■)

First District—August 31, 1971.

Solomon Axelrod, of Chicago, for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, Don H. Reuben, Lawrence Gunnels and Thomas F. Ging, of counsel,) for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff filed a lawsuit seeking damages from defendant because of a news article it published allegedly defaming him. Defendant's motion for summary judgment was granted and plaintiff appeals from that judgment.

Defendant published a news article wherein it recited that Chester Gawel entered the County Jail after failing to post a $1,000.00 bond on grand theft charges. At the jail roll call it was noticed the person identifying himself as Chester Gawel was missing. He was later found in another tier. Upon being discovered, "Gawel" told the warden that he entered the wrong line at roll call and a guard directed him to the cell where he was found.

However, it was established that one John P. McCarthy was arrested in Cicero, Illinois, for auto theft. McCarthy advised the police that his name was that of plaintiff and also furnished them plaintiff's address. At the county jail McCarthy also represented himself to be the plaintiff. The police records, jail records and complaint all reflected the inmate McCarthy as being the plaintiff. The news story complained of was based on information obtained by defendant from the jail authorities, who at the time it was furnished to defendant, believed it to be true. At the time defendant published the article, it also believed the information received from the jail authorities was true and correct in all respects and did not know that the person identified in the story was in fact John P. McCarthy, and not Chester Gawel.

Plaintiff contends that the publication was a libel *per se*, as imputing to him a commission of a crime, and that the "article on its face imparts that the facts were obtained from the guards at the County Jail and cannot be interpreted as a fair report of proceedings in a court on which the principal of privileged communications would lie."

Defendant maintains that the article was privileged and nonactionable as a matter of law.

OPINION

The Supreme Court in *Lulay v. Peoria Journal-Star, Inc.*, 34 Ill.2d 112 recognized the privilege asserted by defendant. In that case a news article reported the utterances of the Director of the Municipal Health Department who had charged that plaintiff's grocery store and restaurant violated sanitary ordinances. The Supreme Court rejected the argument that the news article was libelous *per se*, and stated at page 114: "The right to speak and print about such actions of government is well established; denial of this right would be a serious infringement of both State and Federal constitutional guarantees of free speech and press. (Cases cited.) The trial court accordingly erred in holding that the defendant's publication was libelous *per se;* the court should have recognized and applied the defense of privilege as a matter of law."

In *Lotrich v. Life Printing and Pub. Co., Inc.*, 117 Ill.App.2d 89, this court cited *Lulay, supra,* in support of the report privilege and stated at page 95: "It is also true, that the courts have consistently held that news reports based on the records and utterances of police and other law enforcement officers are protected by the report privilege."

■■ The report privilege can be set aside if the evidence reveals that the article complained of was solely generated by malice. *Lulay, supra.* However, at bar there is no allegation of malice, and it was undisputed that defendant and its sources all believed the content of the article to be true and correct.

Plaintiff relies upon *Lorillard v. Field Enterprises, Inc.*, 65 Ill.App.2d 65, where a newspaper printed the remarks of plaintiff's former wife who falsely informed a columnist that her former husband had been sued for bigamy. Public officers or public records were not involved and the citation is not applicable to the resolution of this appeal.

Defendant correctly contends that the cases plaintiff cited from other jurisdictions concern instances where the reported privilege was abused through inaccurate reporting or could not be properly invoked.

In *Jastrzembski v. Marxhausen*, 120 Mich. 677, 79 N.W. 935, a wife complained to the police regarding her husband's desertion. A reporter interviewed the wife and subsequently related what she told him to a reporter of the defendant newspaper and a story based on that source was published.

In *Clair v. Battle Creek Journal Co.*, 168 Mich. 467, 134 N.W. 443, a newspaper obtained a news item by copying an article appearing in another paper. In the foregoing citations no reliance was placed upon the

484

privilege to report acts, utterances of public officials or public records. ██ Therefore, we affirm the trial court and find that defendant's motion for a summary judgment was properly granted.

Judgment affirmed.

LEIGHTON, P. J., and SCHWARTZ, J., concur.