BRENDA DOLATOWSKI, Plaintiff-Appellant, v. LIFE PRINTING AND PUBLISHING COMPANY, INC., *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—88—3269

Opinion filed April 20, 1990.

24

James A. Kamide & Associates, of River Grove, for appellant.

Winston & Strawn, Daniel S. Hafter & Associates, Ltd., and W. Robert Blair, all of Chicago, and Dennis E. Both, of Cicero (Don H. Reuben, Timothy J. Rivelli, Jennifer G. Brown, Daniel S. Hefter, John R. Wylie, and Darcy L. Dulbis, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff appeals from an order entered by the circuit court of Cook County granting defendants' motion to dismiss her amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). The issues presented on appeal are: (1) whether the fair reporting privilege protects Life Printing and Publishing Co., Inc. (Life Printing), and Vincent Iaccino from liability for a newspaper article which contained allegedly defamatory statements about plaintiff and (2) whether Emil Schullo is protected from liability by absolute privilege for allegedly defamatory statements he made concerning the plaintiff.

At around two o'clock on the morning of February 14, 1987, plaintiff was arrested by officers from the Cicero police department for "hitchhiking" pursuant to section 11—1006 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—1006). Four days later an article appeared in the Cicero Berwyn Stickney Forest View Life, a newspaper published by defendant Life Printing. The article was written by defendant Vincent Iaccino, an employee of the newspaper. According to Iaccino's affidavit, he obtained information for the article from the police department "General Report Form," which contained information concerning plaintiff's arrest, and his interview with defendant Emil Schullo, the deputy police superintendent. The headline and text of the article stated:

"**15 Ciceronians charged with soliciting rides**

Fifteen Cicero women were arrested in separate incidents Saturday and Sunday in the 4800 block of 14th Street and charged with the unlawful solicitation of rides along a roadway.

Those arrested were Brenda Kay Dolatowski of 2822 South 50th Court; ***.

Bond for each was set at $1,000, and they were given a March 9 Cicero court date.

Said Emil Schullo, Cicero police deputy superintendent, 'This is the largest number of Cicero women we have ever arrested for soliciting rides. To be honest, it is a bit of a shock. I am going to check my records for the past three years, and I

would venture that in at least one of those years we did not have 15 Cicero women arrested for ride solicitation arrested [sic] for the entire year, let along [sic] two nights.

'Yes, we are continuing our crackdown on prostitutes, as we have always done, and we will continue to do so,' Schullo continued. 'Pretty soon these ladies are going to get tired of paying their bonds and going to court and might move their business elsewhere.' "

On August 18, 1987, plaintiff filed a complaint against defendants Emil Schullo, the Town of Cicero and Life Printing, contending that they composed, wrote and printed or caused the composition, writing and printing of an article containing defamatory matter. Defendants joined in the filing of a motion to dismiss on December 1, 1987. An affidavit filed with the motion disclosed the identity of Vincent Iaccino as the author of the article. Plaintiff filed her amended complaint on March 4, 1988, adding Vincent Iaccino as a defendant, and defendants again jointly filed a motion to dismiss plaintiff's amended complaint pursuant to section 2—619 of the Code of Civil Procedure. The trial court granted defendants' motion, finding that the Town of Cicero was protected from liability by the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 1—101 *et seq.*), that Emil Schullo was protected from liability by absolute privilege, and that both Life Printing and Vincent Iaccino were protected by the reporting privilege.

Plaintiff appeals the dismissal of Life Printing, Vincent Iaccino and Emil Schullo but does not appeal the dismissal of her claim against the Town of Cicero.

Plaintiff contends that the fair reporting privilege does not apply to the statements made concerning plaintiff in the newspaper story authorized by Vincent Iaccino and published by Life Printing. The newspaper article at issue includes information concerning plaintiff's arrest for hitchhiking which was taken from the arrest record as well as the quoted statements of Deputy Police Superintendent Schullo regarding the large number of arrests for hitchhiking and his continued "crackdown" on prostitution. Plaintiff claims that Life Printing and Iaccino are not protected under the fair reporting privilege because the article creates a false connection between her arrest for hitchhiking and the crackdown on prostitution.

■ "[T]here is a special privilege that protects the news media from libel actions when it publishes information obtained from governmental and public proceedings that deal with matters of public concern." (*O'Donnell v. Field Enterprises, Inc.* (1986), 145 Ill. App. 3d

1032, 1035, 491 N.E.2d 1212, 1214; *Cox Broadcasting Corp. v. Cohn* (1975), 420 U.S. 469, 495-96, 43 L. Ed. 2d 328, 349-50, 95 S. Ct. 1029, 1046-47.) This privilege was recognized by the Illinois Supreme Court in *Lulay v. Peoria Journal-Star, Inc.* (1966), 34 Ill. 2d 112, 114, 214 N.E.2d 746, 747-48. The *Lulay* court stated that "[T]he right to speak and print about such actions of government is well established; denial of this right would be a serious infringement of both State and Federal constitutional guarantees of free speech and press." (*Lulay*, 34 Ill. 2d at 114, 214 N.E.2d at 747-48.) A news media account which is not a complete report of the proceedings remains under the aegis of the privilege if it is a fair abridgement of the proceedings. (*O'Donnell*, 145 Ill. App. 3d at 1036, 491 N.E.2d at 1216.) This determination is made by comparing the official reports with the news media account. If the gist or sting of the defamation in the official report is the same as the gist or sting in the news account, then the news item is a fair abridgement of the proceedings and is covered by the reporting privilege. *O'Donnell*, 145 Ill. App. 3d at 1037-38, 491 N.E.2d at 1216.

■ In the instant case, plaintiff claims that Iaccino and Life Printing are not protected by the fair reporting privilege because the newspaper article made a false connection between her arrest for hitchhiking and the crackdown on prostitution, and that there was nothing in the record to support this connection. Plaintiff cites *Berkos v. National Broadcasting Co.* (1987), 161 Ill. App. 3d 476, 515 N.E.2d 668, in support of her argument. In *Berkos*, the court held that the causal link between the plaintiff and the defamatory material was supplied by the defendant television station and not by any official records or proceedings. However, in this case any causal link between the plaintiff's arrest for hitchhiking and the police department's crackdown on prostitution was supplied by the deputy police superintendent and not by Iaccino and Life Printing. The newspaper article at issue consists of the names and addresses of 15 women who were arrested for hitchhiking on two consecutive nights and the quoted statements of Police Superintendent Schullo in two separate paragraphs. The first quoted paragraph contains Schullo's comments regarding the number of women arrested for ride solicitation, and the second quoted paragraph contains his comments regarding the crackdown on prostitution. Although plaintiff argues that the connection between her arrest and the crackdown on prostitution was supplied by Iaccino and Life Printing, the contents of the article illustrate that any such connection arose from plaintiff's arrest record and the quoted statements of Schullo. Furthermore, at the hearing on the mo-

tion to dismiss plaintiff's amended complaint, the affidavits of Schullo and Iaccino were presented. Schullo's affidavit stated that he believed the statements in the article attributed to him were true, and Iaccino's affidavit stated that the statements in the article attributed to Schullo were obtained from an interview with the deputy police superintendent and were a direct quotation of what he said. The record contains no counter-affidavit contradicting these facts. Therefore, the facts must be taken as true.

■ Plaintiff also claims that the facts set forth in the affidavits contained conflicting inferences which required the trial court to submit to the jury the issue of whether the newspaper account was a fair and accurate summary of the information Iaccino obtained from the police. However, based on our discussion above, the issue of whether the newspaper account was a fair and accurate summary of information Iaccino obtained from the police was determined by the contents of the article as well as the affidavits of Iaccino and Schullo. Although plaintiff presented her own as well as several other affidavits, the statements in plaintiff's affidavits do not contain conflicting inferences, as plaintiff alleges, as to whether the newspaper article was an accurate report of Schullo's statements. We also conclude, contrary to plaintiff's argument, that any defamatory gist or sting in the article is attributable to Schullo's statements, which were accurately reported by Iaccino. (O'Donnell, 145 Ill. App. 3d at 1037-38, 491 N.E.2d at 1216.) For these reasons, we conclude that the newspaper article authored by Iaccino and published by Life Printing is covered by the common law fair report privilege, and the trial court's dismissal of plaintiff's cause of action against these defendants was proper.

■ Plaintiff next contends that Schullo is not protected from liability by absolute privilege for the defamatory statements he made concerning the plaintiff. At the time that Schullo made the statements quoted in the newspaper article, he was the deputy police superintendent of Cicero. Courts have held that an official of the executive branch of the Federal, State or local government cannot be held liable for statements made within the scope of his official duties. (*Barr v. Matteo* (1959), 360 U.S. 564, 3 L. Ed. 2d 1434, 79 S. Ct. 1335; *Blair v. Walker* (1976), 64 Ill. 2d 1, 349 N.E.2d 385; *Morton v. Hartigan* (1986), 145 Ill. App. 3d 417, 495 N.E.2d 1159.) In *Blair*, the court stated the policy concerns mandating such a privilege for government officials:

> "This restriction is justified by the countervailing policy that officials of government should be free to exercise their duties without fear of potential civil liability." *Blair*, 64 Ill. 2d at 6,

349 N.E.2d at 387, citing *Matteo*, 360 U.S. 564, 3 L. Ed. 2d 1434, 79 S. Ct. 1335.

■ Plaintiff raises two arguments, both without merit, in support of her contention that Schullo is not protected from liability by absolute privilege for statements he made in an interview with the newspaper reporter. Plaintiff first claims that Schullo was not acting in an official capacity and the statements were not within the scope of his responsibilities. However, Schullo's affidavit stated that his "duties as Deputy Policy [sic] Superintendent include overseeing all anti-vice operations of the Cicero Police Department *** and communicating, on behalf of the department, with the public and the press with respect to Department's efforts in this area." Although the affidavit of Dallas Keller contradicted Schullo's affidavit regarding Schullo's responsibilities, Keller's statements related to the policies and procedures of the Village of Maywood, rather than the Town of Cicero. Therefore, it was not relevant to Schullo's responsibilities as deputy police superintendent of Cicero. Plaintiff also contends that Schullo's statements were not covered by absolute privilege because they were oral statements made during an interview with Iaccino rather than during an official press release. However, plaintiff's argument is unsupported by authority and contradicted by the holding in *Morton* (145 Ill. App. 3d 417, 495 N.E.2d 1159), that letters as well as oral statements of the plaintiff's superiors were protected by absolute privilege. "[T]he only consideration is whether the statements made were reasonably related to one's duties." *Morton*, 145 Ill. App. 3d at 426, 495 N.E.2d at 1165.

For these reasons, we conclude that Schullo was protected from liability by absolute privilege regarding the statements he made in the interview with Iaccino, and the dismissal of plaintiff's cause of action against Schullo was proper.

Accordingly, the order of the circuit court dismissing plaintiff's amended complaint is affirmed.

Judgment affirmed.

LaPORTA, P.J., and EGAN, J., concur.