MAPLE LANES, INC., d/b/a Frankies, *et al.*, Plaintiffs-Appellants, v. NEWS MEDIA CORPORATION, d/b/a Rochelle News Leader, Defendant-Appellee (Mel Messer *et al.*, Defendants).

Second District   No. 2—00—0353

Opinion filed June 5, 2001.

Rene Hernandez, of Law Office of Rene Hernandez, P.C., of Rockford, for appellants.

Denis K. Sheehan, of Norton, Mancini, Argentati, Weiler & DeAno, P.C., of Wheaton, for appellee Ogle County Sheriff's Department.

Timothy J. Rivelli, Julie A. Bauer, and Peggy M. Balestri, all of Winston & Strawn, of Chicago, for appellee News Media Corporation.

JUSTICE CALLUM delivered the opinion of the court:

Plaintiffs, Maple Lanes, Incorporated, and Kenneth George, Sr., appeal the circuit court's order granting summary judgment to defendant News Media Corporation, the publisher of the Rochelle News Leader (News Media). Plaintiffs alleged that an article published in defendant's newspaper defamed them. The trial court ruled that the allegedly defamatory statement was an accurate summary of a statement made by defendant Mel Messer, the sheriff of Ogle County, and was therefore protected by the governmental report privilege. Plaintiff appeals, contending that the newspaper's report changed the "gist or sting" of the statement and was therefore not privileged. We reverse and remand.

On May 9, 1996, the Rochelle News Leader ran a front-page story about the arrest of a local restauranteur on drug charges. The story included the following quote attributed to Messer, set in large, italic type: "We are targeting businesses that supplement their income with cocaine and drug sales, just like we did with Frankies in Rochelle."

Plaintiffs sued Messer, the Ogle County sheriff's department, and News Media. Maple Lanes owns Frankies, a restaurant in Rochelle. George is the president and principal shareholder of Maple Lanes. Plaintiffs claimed that Messer's statement, as quoted by the newspaper, was false and defamatory.

During lengthy pretrial proceedings, Messer filed an affidavit in which he stated that his actual statement was "We are targeting businesses *whose employees* are supplementing their income with cocaine and drug sales, just like we did with Frankies in Rochelle." (Emphasis added.) News Media responded with the affidavit of Laurie Weissmann Sodaro, the reporter who wrote the story, in which she averred that she accurately quoted Messer.

The trial court dismissed Messer and the sheriff's department because they were immune from suit and plaintiffs do not appeal that decision. The court also granted summary judgment to News Media on the ground that the allegedly defamatory statement was covered by the governmental report privilege, also known as the "fair report" privilege. The court held that, assuming the newspaper story abridged Messer's statement by eliminating the reference to "employees," it did not change the "gist or sting" of the statement. Plaintiffs filed a timely notice of appeal.

Plaintiffs contend that the trial court erred in holding that the fair report privilege immunized News Media for the allegedly defama-

tory article. Plaintiffs argue that by deleting the words "employees of" from Messer's statement, defendant changed the gist of the statement by implying that the business as a whole and George in particular participated in or condoned drug sales by its employees.

■ The trial court granted News Media's motion for summary judgment. Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). The court must construe the evidence strictly against the movant and liberally in favor of the nonmoving party. *In re Estate of Hoover*, 155 Ill. 2d 402, 411 (1993); *Ahlgren v. Blue Goose Supermarket, Inc.*, 266 Ill. App. 3d 154, 159 (1994). We review *de novo* an order granting summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

■ The governmental report privilege protects news accounts based on statements of governmental agencies and officials in their official capacities. *Tepper v. Copley Press, Inc.*, 308 Ill. App. 3d 713, 717 (1999). A report is privileged if it is an accurate and complete report of proceedings, or a fair abridgement of them. *Tepper*, 308 Ill. App. 3d at 717; Restatement (Second) of Torts § 611, at 297 (1977). The court makes this determination by comparing the official report with the news media account. If the gist or sting of the defamation in the official report is the same as the gist or sting in the news account, then the news item is a fair abridgement of the proceedings. *Dolatowski v. Life Printing & Publishing Co.*, 197 Ill. App. 3d 23, 27 (1990); *O'Donnell v. Field Enterprises, Inc.*, 145 Ill. App. 3d 1032, 1037-38 (1986). The accuracy of the summary, not the truth or falsity of the information being summarized, is the "benchmark of the privilege." *Gist v. Macon County Sheriff's Department*, 284 Ill. App. 3d 367, 376 (1996). Although the literal language of the Restatement limits the privilege to reports of "proceedings," it has been extended to the statements of law enforcement officials in their official capacities. See *Dolatowski*, 197 Ill. App. 3d at 27.

■ Here, there is an obvious factual dispute about what Sheriff Messer actually said. Messer claimed he said that "employees of" Frankies were selling drugs, while Sodaro averred that he referred to "businesses" such as Frankies that sell drugs. Because we are reviewing the grant of summary judgment for defendant, we construe the evidence strictly against the moving party. Therefore, we will assume that Messer said that "employees of" Frankies were selling drugs.

With that in mind, we cannot say that as a matter of law the story contained an accurate summary of Messer's statement. A fair reading

of the sheriff's comment was that individual employees of Frankies were supplementing their incomes through drug sales. The statement as reported can be read as implying that the business itself was receiving the profits from drug sales and that George, as the president and principal shareholder of the corporation, knew of and condoned the sales. A jury could find that defendant changed the gist of the statement by referring to the business as a whole and to George rather than to individual employees.

This case is similar to *Berkos v. National Broadcasting Co.*, 161 Ill. App. 3d 476 (1987). There, a television station reported on an indictment against a Chicago police officer alleging that he committed " 'multiple acts involving bribery.' " *Berkos*, 161 Ill. App. 3d at 490. The indictment listed particular cases in which the officer was alleged to have influenced the result. By researching judicial assignment records, a reporter discovered that plaintiff, a Cook County judge, was presiding in the courtroom where one of the cases was heard. The station broadcast a story implying that plaintiff had taken bribes to influence cases. The court held that the privilege did not apply. Only the television station supplied the link between the bribes and Berkos; neither of the documents the station relied on accused Berkos of any wrongdoing. *Berkos*, 161 Ill. App. 3d at 493; see also *Lowe v. Rockford Newspaper, Inc.*, 179 Ill. App. 3d 592, 594-95 (1989) (privilege did not apply where statements implying that plaintiff stole a car did not appear in the police report defendant relied on). *Cf. Dolatowski*, 197 Ill. App. 3d at 27 (connection between plaintiff's arrest for "soliciting a ride" and prostitution came directly from police officer's statement).

Here, as in *Berkos* and *Lowe*, the statement reported did not accuse George or Maple Lanes of criminal activity. The only connection between plaintiffs and drug sales came from the quotation in the story. Therefore, the trial court erred in granting summary judgment on the ground that the statement is privileged.

The judgment of the circuit court of Ogle County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and BOWMAN, JJ., concur.