No. 2--08--0812     Filed: 1-22-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CAROLENE A. EUBANKS, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 07--L--205 |
| | ) | |
| NORTHWEST HERALD NEWSPAPERS, | ) | |
| d/b/a Northwest Herald, an Entity of an | ) | |
| Unknown Nature, f/k/a Northwest Herald, | ) | |
| Inc., | ) | Honorable |
| | ) | Maureen P. McIntyre, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the opinion of the court:

On June 15, 2007, the plaintiff, Carolene Eubanks, filed a complaint against the defendant, Northwest Herald Newspapers, alleging defamation and false light invasion of privacy based on a short article indicating that she had been arrested and charged with retail theft and obstruction of justice. The defendant filed a motion for summary judgment, arguing that the publication could not be held defamatory under the fair-report privilege. On August 20, 2008, the trial court granted the defendant's motion for summary judgment. The plaintiff appeals from that order. On appeal, the plaintiff argues that the fair-report privilege should not apply because the subject publication was not "accurate and complete" and that a question of fact was raised as to whether the defendant abused or forfeited that privilege. We affirm.

The record reveals that on Friday, December 29, 2006, the defendant received an e-mail from the Lake in the Hills police department at 2:08 a.m. The e-mail was a Lake in the Hills police department "Daily Bulletin" dated December 28, 2006. The document stated, in relevant part, as follows:

"L06--14615  1610 HRS  101 N RANDALL RD (DOMINICKS)

RETAIL THEFT  EUBANKS, CAROLENE A  F/W  49 YOA

OFC LATHROP  25 PERSHING AVE    LAKE IN THE HILLS, IL

(NS)    CHARGES: RETAIL THEFT UNDER, ATTEMPT TO

      OBSTRUCT JUSTICE.  SUBJECT BONDED."

It is standard practice for the defendant to receive e-mails from local police agencies about recent criminal arrests and to publish that information in its newspaper. On this occasion, the December 29 e-mail was opened and read by an employee for the defendant, Brenda Schory, at 1:14 p.m. Based on this e-mail, Schory prepared the following article:

"Carolene A. Eubanks, 49, 25 Pershing Ave., Lake in the Hills, was charged Thursday, Dec. 28, with retail theft and attempted obstruction of justice."

Schory then placed the article in line for publication in the upcoming issue of the newspaper. The article was eventually printed before 6 a.m. on January 2, 2007, and appeared in the defendant's newspaper on the same date.

The Lake in the Hills police department had also sent a second e-mail on December 29, 2006, at 10:25 p.m. The second e-mail contained the following:

"Please remove the identifiers of 'Eubanks, Carolene A. F/W 49 YOA, 25 Pershing Ave.,

Lake in the Hills, IL' from the arrest for Retail Theft on 122806 and replace with Bradshaw, Barbara J. F/W 44 YOA, 73 N. Geneva St. Elgin, IL."

Unfortunately, Schory and the defendant's other employees left the office before the second e-mail was sent. In addition, the weekend of December 30, 31, and January 1 was a holiday weekend and no employees were at the defendant's office during that period. Pursuant to an affidavit filed by the defendant, the first time the second e-mail was read was on January 2, 2007, at 10:17 a.m. Thus, the January 2, 2007, edition of the defendant's newspaper, printed before 6 a.m. on that date, published the article indicating that the plaintiff had been arrested and charged with theft and attempted obstruction of justice. The defendant published a retraction of the article in its January 3, 2007, newspaper, stating that the plaintiff was not the one charged with those crimes.

On June 15, 2007, the plaintiff filed her complaint for defamation and false light invasion of privacy based on the January 2, 2007, publication. The defendant filed a motion for summary judgment on November 29, 2007, asserting that it was immune from the plaintiff's claims under the fair-report privilege. Attached to the defendant's motion was the affidavit of Schory. The affidavit revealed that Schory was an employee of the defendant and that it was her job to check e-mails received from police agencies; however, she was under no obligation to check over the holiday weekend. Schory averred that she had not been able to open the second e-mail until after the false information about the plaintiff had already been published.

On May 12, 2008, the trial court denied the defendant's motion for summary judgment. The trial court reasoned that there was no evidence of whether any other employee of the defendant opened and read the second e-mail before the defamatory article was published. On June 23, 2008, the defendant renewed its motion for summary judgment, attaching an affidavit of Ben Shaw. This

affidavit indicated that Shaw was the defendant's employee responsible for maintaining the defendant's computer system. Shaw reviewed the defendant's computer records and researched the history of e-mails the defendant received from the Lake in the Hills police department. According to Shaw, the records proved that no employee of the defendant had opened Lake in the Hills' second e-mail before 10:17 a.m. on January 2, 2007. On August 20, 2008, the trial court granted the defendant's renewed motion for summary judgment because "there [was] no issue of fact that the supplemental police report was not opened or read by anyone at the newspaper until after publication of the article at issue."

Summary judgment is appropriate where the pleadings, depositions, and admissions, together with the affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Parker v. House O'Lite Corp., 324 Ill. App. 3d 1014, 1019 (2001). The court must construe the evidence strictly against the movant and liberally in favor of the nonmoving party. Maple Lanes, Inc. v. News Media Corp., 322 Ill. App. 3d 842, 844 (2001). We review de novo a trial court's ruling on a motion for summary judgment. Vickers v. Abbott Laboratories, 308 Ill. App. 3d 393, 399 (1999).

On appeal, the plaintiff first contends that the trial court erred in applying the fair-report privilege to the newspaper article at issue. Section 611 of the Restatement (Second) of Torts defines the fair-report privilege as follows:

"The publication of defamatory matter concerning another in a report of an official action or proceeding *** is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported." Restatement (Second) of Torts §611, at 297 (1977).

-4-

This section was adopted by the Illinois Supreme Court in Catalano v. Pechous, 83 Ill. 2d 146, 167-68 (1980). The plaintiff argues that the defendant's publication was not an "accurate and complete" report from the Lake in the Hills police department because the defendant received two e-mails and published information from only the first one.

"[T]he fair report privilege has two requirements: (1) the report must be of an official proceeding; and (2) the report must be complete and accurate or a fair abridgement of the official proceeding." Solaia Technology, LLC v. Specialty Publishing Co., 221 Ill. 2d 558, 588 (2006). The fair-report privilege is a qualified privilege and courts have consistently held that news reports based on the records and utterances of police and other law enforcement officers are the types of official proceedings protected by this privilege. Maple Lanes, 322 Ill. App. 3d at 844; Gawel v. Chicago American Publishing Co., 1 Ill. App. 3d 481, 483 (1971). For a publication to be considered a fair abridgment, the report must convey to readers a substantially correct account of the official proceedings. Solaia Technology, 221 Ill. 2d at 590. A reporter is not privileged to make additions of his own that would convey a defamatory impression or to indict expressly or by innuendo the veracity or integrity of any of the parties. Solaia Technology, 221 Ill. 2d at 590. Finally, it is the accuracy of the summary, not the truth or falsity of the information being summarized, that is the "benchmark of the privilege." Gist v. Macon County Sheriff's Department, 284 Ill. App. 3d 367, 376 (1996). A defamatory statement is not actionable if it is privileged; this is a question of law. Solaia Technology, 221 Ill. 2d at 585.

In the present case, the subject article published by the defendant was a complete and accurate summary of an official report from the Lake in the Hills police department. The defendant opened an e-mail from the Lake in the Hills police department on December 29, 2006, that stated

the plaintiff was charged with the crimes of theft and attempted obstruction of justice. The fair-report privilege applied to the publication of this information because it was an official report from a police department. Maple Lanes, 322 Ill. App. 3d at 844; Gawel, 1 Ill. App. 3d at 483. Furthermore, the defendant did not make any omissions or additions to its publication that would give any sort of false impression. The published article reiterated the exact information received from the police department. Therefore, the defendant's publication was accurate, and therefore privileged, under the fair-report privilege. Solaia Technology, 221 Ill. 2d at 590.

The plaintiff argues that the publication was not a complete report of the official proceeding because the defendant initially reported the information contained in only the first e-mail. However, pursuant to Shaw's affidavit, at the time the defendant sent the article for publication, it had not opened the second e-mail. Indeed, Shaw's affidavit states that the defendant had not read the second e-mail until after the article was published. Therefore, because it had not opened the second e-mail before publication, the defendant completely summarized the only report it had opened from the Lake in the Hills police department. Even though what was reported in the defendant's publication was false, the privilege still applies because the defendant completely and accurately reported what it had seen. Gist, 284 Ill. App. 3d at 376.

The plaintiff also contends that the trial court erred in granting summary judgment when a reasonable juror could find that the defendant abused the fair-report privilege by acting recklessly and not taking the appropriate steps to reasonably ensure that its publication was accurate and complete. The plaintiff suggests that the defendant was reckless by not checking its e-mail or covering the Lake in the Hills police department's bulletins during the holiday weekend. The

plaintiff further argues that whether the defendant abused the fair-report privilege was a question of fact for a jury to decide.

Once a qualified privilege is established, a communication is actionable only if the plaintiff can show that the defendant abused the privilege. Vickers, 308 Ill. App. 3d at 404. Generally, a plaintiff can establish abuse of a qualified privilege by showing actual malice. Gist, 284 Ill. App. 3d at 374. Malice is shown when the defendant knew the information it published to be false or acted in reckless disregard of the truth or falsity of the information. Gist, 284 Ill. App. 3d at 374.

However, in Solaia Technology, our supreme court separated the fair-report privilege from other qualified privileges. The court held that the fair-report privilege overcomes allegations of malice and permits a defendant to publish a report of an official proceeding even though the defendant knows that the report contains a false and defamatory statement. Solaia Technology, 221 Ill. 2d at 587, citing Restatement (Second) of Torts §611, Comment b (1977). According to Solaia Technology, the only way the fair-report privilege can be abused is if the report published was not an accurate or fair abridgement of the official proceeding. Solaia Technology, 221 Ill. 2d at 588, citing Restatement (Second) of Torts §611, Comment b (1977). For example, a reporter abuses the privilege when he adds or omits information that was not part of the official proceeding so as to convey a defamatory impression. Solaia Technology, 221 Ill. 2d at 590.

In the present case, the defendant did not abuse the fair-report privilege, because the publication at issue was an accurate summary of the first e-mail received from the Lake in the Hills police department. The plaintiff does not dispute this fact. Furthermore, because the defendant had not opened the second e-mail until after the report was published, the second e-mail did not render the publication either incomplete or inaccurate. Thus, summary judgment in favor of the defendant

was appropriate in this case. In so ruling, we are not unsympathetic to the plaintiff's injury to reputation; however, the state of the law at this time does not include a timeliness component, or an obligation to review updated information, in determining the fairness and accuracy of a published report. Furthermore, the record shows that when the defendant received the second e-mail, it immediately removed the initial report from its Web site and published a retraction the next day.

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

JORGENSEN and HUDSON, JJ., concur.