Charles Voris, Appellant, v. Street and Smith Publications and Edward Sokol, Appellees.

Gen. No. 43,890.

Opinion filed February 5, 1947. Released for publication February 21, 1947.

CLARENCE M. DUNAGAN, of Chicago, for appellant.

WILLIAM MAROSCO, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

The first count of a complaint filed in the superior court of Cook county by Charles Voris against Street & Smith Publications, Inc., and Edward Sokol averred that at all times therein mentioned and for a long time prior thereto, plaintiff was known as ''Snapper Charlie''; that he was a person of good repute and name; that he was deservedly held in high esteem in the City of Chicago, County of Cook, State of Illinois and throughout the United States; that he was at all times ''and for a long time prior thereto'' known throughout divers states ''throughout the United States'' as ''Snapper Charlie''; that the corporate defendant was the publisher of divers magazines and publications

circulated throughout the United States, and more particularly, a certain magazine known as "Pic" (The Magazine for Young Men); that the publication was circulated throughout the entire United States and Canada by the corporate defendant, that the circulation of the magazine was "excessive" and that it was "issued once a month"; that defendant corporation employed as its agent and servant the other defendant, Edward Sokol; that the latter was employed by the corporate defendant to write and edit articles for the magazine "Pic"; that on January 1, 1946 the corporate defendant, through its agent, the individual defendant, maliciously composed and caused to be published "of and concerning the plaintiff" in the magazine "Pic," which the defendants caused "to be printed, posted, circulated and published throughout the United States" the false and defamatory matter following, to-wit:

"Be it in New York, Chicago, Minneapolis or New Orleans, the gambling cross-section is much the same. Thin, fat, crippled or disgustingly healthy, they all operated off the same standards—right from a roll of green bills which come in and out of their pants pockets a thousand times a day. All are slaves to money and only the book operators—the conservative commissioners—are masters of it. Legless Charlie . . . Baby Doll . . . Memphis Red . . . Snapper Charlie . . . Oscar . . . Dillinger . . . Eddie, the Barber—all form a cross-section of America's sports gambling. . . . 'Snapper Charlie' has two professions. He prefers to gamble exclusively, but often he reverts to his secondary vocation of 'looping' among sidewalk strangers out of sheer necessity. He 'loops' in the patented manner—by offering a beautiful and bona fide diamond for sale at a ridiculously low price. Then, when the stranger hands over the money, 'Snapper Charlie' slips him a sparkling imitation, made of the best glass money can buy, and goes

back to gambling. 'Snapper'—he acquired the name from the constant snapping of his fingers—is often singled out by his colleagues as the classic example of how unbalancing the habit of gambling can become. They usually wind up with the story of how he ran $15 to $2,000 in one day, yet at dinnertime he had to borrow 16 cents for a quart of milk because all of his money was invested in a string of night games.''

This count further avers that the "facts stated in said publication were wholly false and that by reason of said publication" he was injured in his reputation to his damage in the sum of $100,000, and he prayed for judgment for this amount. The second and concluding count of the complaint, realleged, in substance, the allegations of the first count.

A motion to strike the complaint, specifically pointing out the defects complained of, was filed by the individual defendant. The corporate defendant filed a special appearance and a motion to quash the return of the sheriff showing service of summons upon it. This motion was supported by affidavits and challenged the jurisdiction of the court over the "person" of the corporate defendant. The record brought here does not show what disposition, if any, was made of the motion filed by the corporate defendant. The court sustained the individual defendant's motion to strike and dismissed the complaint, entering judgment against plaintiff. This appeal followed.

Defendant maintains that there is no proper allegation in the complaint that there were any members of the public who read the article and knew that it referred to plaintiff. Defendant also asserts that there must be certainty of person before an action for libel will lie. Plaintiff insists that the allegations of the complaint connect him with "Snapper Charlie." The gravamen of an action for libel is not the injury to plaintiff's feelings, but damage to his reputation in the eyes of others, and a complaint is insufficient which

fails to show that the alleged libelous article was understood by its readers to refer to the plaintiff. There is no allegation that any person or persons who read the article knew that it referred to the plaintiff. It is true that the complaint avers that the defamatory language was used "of and concerning" the plaintiff. It is not enough to constitute libel that plaintiff knew that he was the subject of the article, or that defendants knew of whom they were writing. It should appear upon the face of the complaint that persons other than these must have reasonably understood that the article was written of and concerning the plaintiff, and that the so-called libelous expression related to him. An averment of fact extrinsic to the article, and essential to an identification of the article with the person complaining, cannot be embodied in an innuendo. The office of an innuendo is to deduce inferences from premises already stated, not to state the premises themselves. *Duvivier v. French,* 104 Fed. 278. In *Northrop v. Tibbles,* 215 Fed. 99, the court held that where an alleged libelous letter did not name plaintiff as the person intended to be libeled, a declaration, failing to charge that the recipient of the letter, or any other third person, understood the libelous matter to refer to plaintiff, was demurrable; it being insufficient to charge merely that defendant wrote and published the letter "of and concerning" plaintiff. See also *Zanker v. Lackey,* 2 W. W. Harr. (Del.) 588, 128 Atl. 373.

While the complaint alleges that plaintiff is known as "Snapper Charlie," it does not allege that he is the only person with that nickname. We are of the opinion that the complaint does not state a cause of action and that the trial judge was right in dismissing it. Therefore, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Kiley, J., concur.