**Betty Jane Archibald, Plaintiff-Appellant, v. Belleville News Democrat, Defendant-Appellee.**

Gen. No. 64–48.

Fifth District.

December 11, 1964.

Zeno Middleton, of St. Louis, Missouri, for appellant.

Baltz & Guymon, of Belleville, for appellee.

DOVE, P. J.

The Circuit Court of St. Clair County entered an order sustaining defendant's motion to dismiss plaintiff's amended complaint, and rendered judgment in favor of the defendant in bar of plaintiff's action and for costs. To reverse this order plaintiff appeals.

In her amended complaint, filed November 21, 1963, plaintiff alleged that she was a resident of Belleville, Illinois, and was born on October 3, 1943; that on August 31, 1959, she was a person of good name, fame and repute and held in high esteem by her acquaintances and general public; that she is a professional entertainer, and does specialty dancing both for profit and for charity. The amended complaint then alleged that upon the occasion referred to in the letter which

forms the basis of this action for libel, she was riding in a parade in said City of Belleville, attired in her dancing costume, to advertise a dance, the profits of which were for the benefit of the pediatrics department of St. Elizabeth's Hospital in Belleville.

It was then alleged that the defendant was the publisher of the Belleville News Democrat, a newspaper of general circulation, and that on August 31, 1959, it maliciously printed in said newspaper a letter containing false, defamatory and libelous matter concerning the plaintiff, viz:

> "Dear Sir:
> A few nights ago we saw the most disgusting thing in our life. There was this girl, about 14 years old, riding around in the back of a convertible, half naked, and twirling a hula hoop. If it was a man doing this, he'd have been arrested for indecent exposure, causing a public nuisance, or just plain drunk. Now tell me why this girl was allowed to do such a thing. We were under the impression that the authorities had banned strip teasing. Wouldn't this be under the same heading? The very idea of it, exposing little children to something like this, parading around on the public square, the streets and stores in such an outfit. We would like to hear other people's views on this subject. Mr. and Mrs."

It was then alleged that these statements were made of and concerning the plaintiff; that they accused her of the criminal offenses of criminal exposure, lewdness, and public drunkenness, were wholly false, and were fairly and reasonably capable of, and did brand the plaintiff with the cruel name of "stripper," and her opportunity to develop a stage or entertainment career was destroyed or diminished.

40

The amended complaint then averred that on the following day, September 1, 1959, defendant aggravated the wrong by publishing a picture of the plaintiff in its newspaper of that day in "connection with the affair which the plaintiff's service and the parade benefited."

To sustain the judgment of the trial court, counsel for appellee insists that the publication of the letter by the defendant does not identify the plaintiff, and the letter does not indicate that the article was written of and concerning the plaintiff, and that the alleged libelous words are not reasonably or fairly capable of the construction placed upon them by the plaintiff.

The amended complaint avers that the statements made in the letter complained of were libelous per se in that plaintiff was accused of (a) indecent exposure, (b) lewdness, and (c) public drunkenness, and that these charges injured her in her profession, and accused her of (a) strip teasing, (b) appearing in public half naked, (c) causing a public nuisance, (d) public drunkenness, and (e) exposing little children to half nakedness, indecent exposure, drunkenness and strip teasing.

 In the early case of McKee v. Ingalls, 5 Ill (4 Scam) 30, it is said (p 33) that the common sense rule is that the alleged libelous words are to be taken and understood in their common acceptation. In Kulesza v. Chicago Daily News, Inc., 311 Ill App 117, 35 NE2d 517, it is said: (p 125) that the law is well settled that a motion to dismiss will be sustained if the words claimed to be libelous are not reasonably or fairly capable of the construction placed upon them by plaintiffs, and that it is for the court to decide whether the publication was reasonably capable of the meaning ascribed to it in the innuendo. The office of an innuendo is to deduce inferences from premises already

stated, not to state the premises themselves. (Voris v. Street & Smith Publications, 330 Ill App 409, 413, 71 NE2d 338.)

What this alleged libelous letter says is that, a few nights previous, a girl, about 14 years of age, was riding in the back of a convertible, and was at that time half naked and twirling a hula hoop. The author of the letter then says that if a man did this, he would have been arrested for indecent exposure, causing a public nuisance, or just plain drunk.

Appellee insists that there is no proper allegation in the amended complaint that the alleged libelous letter was understood, by its readers, to refer to the plaintiff. Counsel for appellant state that where the published words do not refer to the plaintiff by name, the proper practice is to aver that they were published of and concerning the plaintiff, and that is what this amended complaint does. A denial of that averment by the defendant, insists counsel, will present a question of fact to be determined at the trial.

■ Whether the article complained of was written of and concerning the plaintiff may be one issue in an action of this character. A complaint, however, must allege that the article complained of was understood, by its readers, to refer to the plaintiff. In Voris v. Street and Smith Publications, 330 Ill App 409, 71 NE2d 338, supra, it is said that it is not enough to constitute libel that plaintiff knew he was the subject of the article, but it must also appear, upon the face of the complaint, that some person or persons who read the article knew, or understood, that it referred to the plaintiff. There is no such allegation in the instant amended complaint.

■ ■ Furthermore, the language used in this article must be construed according to its natural and obvious meaning taking into consideration the article

42

as a whole. (Parmelee v. Hearst Pub. Co., Inc., 341 Ill App 339, 343, 93 NE2d 512.) The meaning of language alleged to be libelous cannot, by innuendo, be extended beyond a reasonable construction. Innuendoes are not available to impute libel to an article otherwise innocent of any libelous meaning. (Life Printing & Pub. Co., Inc. v. Marshall Field III, 324 Ill App 254, 262, 58 NE2d 307.)

██ The language of this letter is not libelous of the plaintiff. This letter is to be read as a whole, and the words used are to be given their natural and obvious meaning, and if the allegedly libelous words are capable of being read innocently, they must be so read and declared nonactionable as a matter of law. (John v. Tribune Co., 24 Ill2d 437, 442, 181 NE2d 105.)

██ This publication did not expose or tend to expose plaintiff to contempt, ridicule, or disgrace, and did not induce in the minds of right thinking persons an evil opinion of the plaintiff, or accuse her of indecent exposure, lewdness, public drunkenness, or injure her in her profession as charged. In order to make words, either written or spoken of, or concerning, a person engaged in a particular calling, actionable per se, they must be used of the person in relation to his or her occupation. (33 ILP Slander and Libel, Sec 25, p 379.)

The trial court correctly concluded that the amended complaint did not state a cause of action, and its judgment is affirmed.

Judgment affirmed.

WRIGHT and REYNOLDS, JJ., concur.