WAYNE K. LEMONS, Plaintiff-Appellant, v. CHRONICLE PUBLISHING COMPANY, f/d/b/a Evergreen Communications, Inc., d/b/a The Pantagraph, *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0445

Opinion filed November 30, 1993.

Wayne K. Lemons, of Mt. Sterling, appellant *pro se.*

Mark Sableman, of Thompson & Mitchell, of St. Louis, Missouri, for appellees.

JUSTICE LUND delivered the opinion of the court:

Plaintiff appeals an order of the circuit court of McLean County dismissing his action for libel. Plaintiff had been arrested, charged, and convicted on a number of charges arising out of an attempt to shoplift goods from a department store. A local newspaper, The Pantagraph, published three articles regarding these occurrences by which plaintiff claims to have been defamed. Two issues are presented on appeal: (1) whether the trial court erred in denying plaintiff's motion for default; and (2) whether the trial court erred in dismissing the action. We affirm.

On December 20, 1989, two employees of a Target store in Normal, Illinois, saw plaintiff conceal merchandise and leave the store without paying for it. When they attempted to stop him, he pulled out a pocketknife and slashed at the arm of one of the employees. The knife cut through Ronald Barnett's shirt and caused a minor wound on his arm. The other employee, David Campbell, also suffered a minor cut on his hand when he grabbed the blade while trying to take the knife away from plaintiff. Plaintiff was indicted and charged with four offenses: retail theft, armed violence against Barnett, and aggravated battery against both Campbell and Barnett. A jury convicted plaintiff of retail theft, armed violence against Barnett, and aggravated battery against Barnett, but acquitted him of the second count of aggravated battery against Campbell. Plaintiff was sentenced to a 15-year term of imprisonment.

The Pantagraph's first article regarding this incident, published December 21, 1989, described plaintiff's arrest and stated he was charged with cutting two employees of a department store. The arti-

cle went on to state that plaintiff had "stabbed" Barnett in the arm and Campbell in the hand. The article explained the cuts were small and that neither man required hospital treatment.

The second article, published May 10, 1990, reported plaintiff's conviction, stating in the headline that he had been found guilty of stabbings. The article stated he was found guilty of stabbing two "security guards." The article also explained that the "guards" received only minor wounds, one in the arm and the other in the hand.

The third article, published June 20, 1990, had as its headline that plaintiff received a 15-year sentence for knifing guards. The first paragraph stated that he received the sentence for cutting store security guards with a knife during his arrest for shoplifting. Plaintiff was described as having stabbed Barnett in the arm and Campbell in the hand, with neither wound being serious.

Plaintiff contends the articles were inaccurate and false because (1) the employees were not "stabbed," but merely scratched with the knife; (2) they falsely described the employees as "security guards" instead of managerial employees, which gave the impression of a much more serious crime against the "badge"; (3) they suggested that plaintiff was convicted on all charges when, in fact, he had only been convicted of three out of the four charges against him; and (4) they stated that plaintiff stabbed two people, when evidence indicated that Campbell cut his own hand when he grabbed the blade. Plaintiff was found not guilty of the aggravated battery charge involving Campbell.

■ Truth is a defense to a defamation action and, to establish this defense, defendant need only demonstrate the truth of the "gist" or "sting" of the defamatory material. Only "substantial truth" is required for this defense, which may be raised by a motion to dismiss. *American International Hospital v. Chicago Tribune Co.* (1985), 136 Ill. App. 3d 1019, 1022-23, 483 N.E.2d 965, 968.

■ We agree with defendant's assertion that each of The Pantagraph articles conveys the message that plaintiff was convicted of multiple crimes involving violent armed resistance to the persons who apprehended him in the act of shoplifting. That the newspaper chose to use the word "stab" adequately conveys the message that plaintiff caused injury to another with a knife. The fact that the article stated only minor injuries were involved clearly conveyed to the public the nature of the events leading to plaintiff's arrest. We also find no substance to plaintiff's contention that he was somehow cast in a false light by the article's description of Barnett and Campbell as security guards. Regardless of their title, these employees took responsibility

for store security in apprehending plaintiff. Their description as security guards is a substantially true statement.

Similarly, we find The Pantagraph's error in failing to report defendant's acquittal on the charge of aggravated battery against Campbell was not a serious error, in light of the fact that he was convicted on three other charges, including armed violence. (See *Wilson v. United Press Associations* (1951), 343 Ill. App. 238, 98 N.E.2d 391.) The gist or sting of the article is that plaintiff was involved in a serious crime involving armed violence, which resulted in minor injuries to two store employees:

" 'The gravamen of an action for defamation is not the injury to plaintiff's feelings, but damage to his reputation in the eyes of other persons.' (33A Ill. L. & Prac. *Slander & Libel* ch. 2, sec. 11, at 23 (1970), citing *Cowper v. Vannier* (1959), 20 Ill. App. 2d 499, 156 N.E.2d 761; *Voris v. Street & Smith Publications* (1947), 330 Ill. App. 409, 71 N.E.2d 338.) 'A statement is defamatory if it impeaches a person's integrity, virtue, human decency, respect for others, or reputation and thereby lowers that person in the estimation of the community or deters third parties from dealing with that person.' (*Newell v. Field Enterprises, Inc.* (1980), 91 Ill. App. 3d 735, 741, 415 N.E.2d 434, 440.)" (*Berkos v. National Broadcasting Co.* (1987), 161 Ill. App. 3d 476, 485, 515 N.E.2d 668, 672-73.)

We find The Pantagraph articles were substantially true. Moreover, the fact that plaintiff was only convicted of armed violence against one person instead of two as reported in The Pantagraph did not impeach plaintiff's integrity, virtue, or human decency. The dismissal of a cause of action rests within the sound discretion of the trial court. *American International Hospital*, 136 Ill. App. 3d at 1023, 483 N.E.2d at 968.

■ Finally, plaintiff contends the trial court erred in denying his motion for default. Defendants had made a timely special and limited appearance for the purpose of objecting to the sufficiency of service. On May 23, 1992, the trial court denied this objection, but failed to direct the time period for a further response. On May 28, 1992, plaintiff filed his motion for default, based upon the fact that defendants had failed to answer the complaint within 30 days after being properly served. The trial court held that the motion should be allowed, unless defendants filed a motion or answer to the complaint within 21 days. Defendants filed their motion to dismiss within this 21-day period.

Supreme Court Rule 181(a) (134 Ill. 2d R. 181(a)) states that when a motion is filed in answer to a complaint, the trial court, in disposing of this motion, shall direct the time period in which an answer or other appropriate motion shall be filed. In this case, the trial judge failed to set the time limit when he disposed of defendants' motion. The error was the trial court's, not defendants'. Allowing defendants to file their motion within 21 days was within the sound discretion of the trial court. *Uretsky v. Baschen* (1977), 47 Ill. App. 3d 169, 361 N.E.2d 875.

Affirmed.

STEIGMANN, P.J., and GREEN, J., concur.