(text box: 1) NO. 5-01-0462

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

KIRK MYERS and JOAN E. MYERS, )  Appeal from the

)  Circuit Court of

     Plaintiffs-Appellants, )  Madison County.

)

)  No. 01-L-136

)

THE TELEGRAPH and )

THOMAS WRAUSMANN, )  Honorable

)  George J. Moran,

     Defendants-Appellees. )  Judge, presiding.

________________________________________________________________________

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Kirk Myers and Joan E. Myers (collectively plaintiffs) brought this action against 
The Telegraph
 newspaper and Thomas Wrausmann, a reporter (collectively defendants), for damages arising from the publication of two articles indicating that Kirk Myers pleaded guilty to a felony and that he received probation.  The complaint alleges defamation, reckless infliction of emotional distress, and false light.  The circuit court dismissed plaintiffs' complaint.  Plaintiffs appealed and are raising issues regarding the sufficiency of the pleadings.

The relevant facts are as follows.  On May 1, 2000, an information was filed charging Kirk Myers with unlawful possession of cannabis, a Class B misdemeanor (720 ILCS 550/4(b) (West 2000)), unlawful possession of a controlled substance (cocaine), a Class 4 felony (720 ILCS 570/402(c) (West 2000)), and unlawful possession with intent to deliver a controlled substance (cocaine), a Class 2 felony (720 ILCS 570/401(d) (West 2000)).  Kirk Myers pleaded guilty to unlawful possession of cannabis on November 27, 2000.  The felony charges were dismissed.  He was placed on conditional discharge and fined $500.

On November 30, 2000, 
The Telegraph
 published a front-page newspaper article in its "Quad County Edition," authored by Wrausmann,  
The Telegraph
's Jerseyville bureau chief, that stated as follows:

"The owner of Harris' Tavern in rural Godfrey has pleaded guilty to 
felony
 possession of marijuana in Jersey County Circuit Court, officials said Wednesday. 

Kirk P. Myers, 51, of Edwardsville, received six months['] 
probation
 and must pay a $500 fine, court officials said.

* * *

Conditions of his 
probation
 include not violating any penal statutes and ordinances and keeping the Jersey County Circuit Clerk's office advised of his residence, officials said."  (Emphasis added.)

On December 9, 2000, 
The Telegraph
 published a newspaper article on page A3, also authored by Wrausmann, about plaintiff Kirk Myers.  The article contained the following statements:

"In a separate case, Myers pleaded guilty to 
felony
 possession of marijuana Nov. 27 in the Jerseyville court, officials said.  Myers received six months' 
probation
 and must pay a $500 fine."  (Emphasis added.)

All of the elected and appointed officials and employees of the circuit court of Jersey County, Illinois, who held such positions on November 27, 2000 (including the presiding judge, the circuit court clerk and staff, the State's Attorney, the assistant State's Attorney, the State's Attorney's staff, the court security officer, the court reporter, all probation officers, the sheriff, and the chief deputy sheriff), denied that they ever made any oral or written statements to Wrausmann or any other reporter or person or entity indicating or implying that Kirk Myers of Edwardsville, Illinois, pleaded guilty to a 
felony
 on November 27, 2000, in the Jerseyville court.  They further denied ever making an oral or written statement to anyone that Kirk Myers received a sentence that included 
probation
.  The same officials and employees also confirmed that, to the best of their knowledge, there are no court documents or any other official documents that indicate or imply the matters set forth in the excerpted portions of the newspaper articles quoted above.  Moreover, the foregoing officials and employees also deny that they gave originals or copies of documents to Wrausmann or allowed him to have access to any documents of any description.  They also deny providing documents to any other person or entity that indicate or imply that Kirk Myers pleaded guilty to a 
felony
 or that he received 
probation
 on November 27, 2000, or at any other time.

Plaintiffs filed a complaint on February 2, 2001, naming 
The Telegraph
 and Wrausmann as defendants.  The suit alleged defamation, reckless infliction of emotional distress, and false light.  Defendants filed a motion to dismiss plaintiffs' complaint.  Defendants claim that even though they mistakenly reported that Kirk Myers pleaded guilty to a felony, rather than a misdemeanor, and was placed on probation, rather than conditional discharge, these are secondary details that do not alter the substantial accuracy of defendants' news report.  The circuit court dismissed plaintiffs' complaint.  Plaintiffs appeal.

Initially, plaintiffs claim that the news accounts were 
per se 
defamatory and fall outside the fair-reporting privilege.  Defendants claim that because the news report was "substantially accurate," the fair-reporting privilege applied and immunized them from liability. 

Section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2000)) provides for the involuntary dismissal of a cause of action where the claim asserted is barred by "affirmative matter" avoiding the legal effect of or defeating the claim. An "affirmative matter" is something in the nature of a defense that completely negates the cause of action or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint.  
Antler v. Classic Residence Management Ltd. Partnership
, 315 Ill. App. 3d 259, 264, 733 N.E.2d 393, 397 (2000).  Our review of the grant of a motion to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2000)) is 
de novo
.  
Goldberg v. Michael
, 328 Ill. App. 3d 593, 597, 766 N.E.2d 246, 250 (2002).  For purposes of a section 2-619 motion, the court must treat as true all well-pleaded facts and reasonable inferences that can be drawn from the complaint.  
Avakian v. Chulengarian
, 328 Ill. App. 3d 147, 152, 766 N.E.2d 283, 288 (2002).

In order for one to make out a claim for defamation, a plaintiff must set forth sufficient facts showing that the defendant made a false statement concerning the plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by the defendant, and that the plaintiff was damaged.  
Stavros v. Marrese
, 323 Ill. App. 3d 1052, 1057, 753 N.E.2d 1013, 1017 (2001).  We must first determine whether the statements contained in the news reports asserting that Kirk Myers pleaded guilty to a felony and was sentenced to probation may be considered defamatory.

Five categories of statements are considered "defamatory 
per se
" and give rise to a cause of action for defamation without a showing of special damages: (1) words that impute the commission of a criminal offense, (2) words that impute an infection with a loathsome communicable disease, (3) words that impute an inability to perform or want of integrity in one's discharge of the duties of office or employment, (4) words that prejudice a party, or impute a lack of ability, in his or her trade, profession, or business, and (5) false accusations of fornication or adultery.  
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 672 N.E.2d 1207 (1996).

We agree with plaintiffs that the news reports containing statements that Kirk Myers pleaded guilty to a felony are defamatory 
per se
 under the first category set forth above.  We recognize that both misdemeanor and felony convictions are criminal convictions. Nevertheless, we believe that because a felony conviction carries significantly greater legal consequences than a misdemeanor does, the 
per se
 rule should still apply in this case.  Some of these consequences are set forth later in this decision.  

Moreover, we believe that society at large views a "felon" far differently than a person who has committed an offense resulting in a misdemeanor conviction.  While most persons would be unable to give a precise legal definition of the terms "misdemeanor" or "felony," we have no doubt that the prevailing view would be that a misdemeanor is a minor offense and a felony is a serious crime.  That would be a correct view as a general proposition.  We see little, if any, practical difference between falsely accusing a person of committing a crime and falsely attributing a felony conviction to a person who pleaded guilty only to a misdemeanor.  The likelihood of damage to one's reputation by the false attribution of felonious conduct approaches a near certainty.

Issues of privilege, fair comment, and criticism on matters of public interest and issues of innocent construction are all affirmative defenses that may be raised by and determined upon a motion to dismiss.  
Kilbane v. Sabonjian
, 38 Ill. App. 3d 172, 175, 347 N.E.2d 757, 761 (1976).  Deciding whether the news accounts are privileged involves no more than the application of the law to the facts at hand.  
O'Donnell v. Field Enterprises, Inc.
, 145 Ill. App. 3d 1032, 1041, 491 N.E.2d 1212, 1218 (1986).  Section 611 of the Restatement (Second) of Torts defines the fair-reporting privilege as follows:

"The publication of defamatory matter concerning another in a report of an official action or proceeding *** is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported."  Restatement (Second) of Torts §611, at 297 (1977).

This section of the Restatement was adopted by the Illinois Supreme Court in 
Catalono v. Pechous
, 83 Ill. 2d 146, 167-68, 419 N.E.2d 350, 360-61 (1980).  Although the literal language of the Restatement limits the privilege to reports of "proceedings," it has been extended to the statements of law enforcement officials in their official capacities.  The court makes this determination by comparing the official report with the news media account.  If the gist of the defamation in the official report is the same as the gist in the news account, then the news item is a fair abridgement of the proceedings.  
Maple Lanes, Inc. v. News Media Corp.
, 322 Ill. App. 3d 842, 844, 751 N.E.2d 177, 179 (2001).  Under the privilege, the news media may reprint defamatory information reported by another in the context of public records or proceedings.  The privilege protects news accounts based upon the written and verbal statements of governmental agencies and officials made in their official capacities. We note, however, that for the privilege to apply, the news media is obligated to summarize the defamatory matter in a fair and accurate manner.  
Edwards v. Paddock Publications, Inc.
, 327 Ill. App. 3d 553, 563, 763 N.E.2d 328, 335 (2001).  The accuracy of the summary, not the truth or falsity of the information being summarized, is the " 'benchmark of the privilege.' "  
Maple Lanes, Inc.
, 322 Ill. App. 3d at 844, 751 N.E.2d at 179 (quoting 
Gist v. Macon County Sheriff's Department
, 284 Ill. App. 3d 367, 376, 671 N.E.2d 1154, 1160 (1996)); see also 
Hurst v. Capital Cities Media, Inc.
, 323 Ill. App. 3d 812, 754 N.E.2d 429 (2001).  If the defamatory matter does not appear in the official record or proceedings, the privilege of fair and accurate reporting does not apply.  This assessment is made by comparing the official reports with the news media account.  
Edwards
, 327 Ill. App. 3d at 563, 763 N.E.2d at 336.  A section 2-619 motion is properly granted only when it can be established that the statements made are complete and accurate or are a fair summary of the proceedings.  
Lykowski v. Bergman
, 299 Ill. App. 3d 157, 166-67, 700 N.E.2d 1064, 1071-72 (1998).  Even actual malice will not defeat the privilege if the requirements of the fair-reporting privilege are established.  
Hurst v. Capital Cities Media, Inc.
, 323 Ill. App. 3d 812, 754 N.E.2d 429 (2001); Restatement (Second) of Torts §611, Comment 
a
, at 298 (1977). 

In the case at bar, we have compared the official reports and proceedings to the news accounts of November 30, 2000, and December 9, 2000, and find that Wrausmann's articles are inaccurate.  There is no dispute that Kirk Myers pleaded guilty to a misdemeanor and was given conditional discharge.  The record shows that although Kirk Myers was initially charged with two felonies, those charges were dismissed.  Defendants then twice reported that Kirk Myers pleaded guilty to a felony and that he was sentenced to six months' probation.  This is not an accurate summary of the official reports or proceedings.  The circuit court erred in granting defendants' motion to dismiss based on defendants' defense of the fair-reporting privilege.

Plaintiffs also claim that the circuit court erroneously applied the incremental-harm defense as a basis for the dismissal order.  We agree.

The incremental-harm doctrine bars recovery for any false and defamatory statements whose potential damaging effect is outweighed, as a matter of law, by other harmful, but true, text in the same publication.  
Masson v. New Yorker Magazine, Inc.
, 501 U.S. 496, 522-25, 115 L. Ed. 2d 447, 111 S. Ct. 2419, 2436-37 (1991).  The defense protects defendants who make unflattering and false statements, if the court or jury determines that the false statements did no greater damage to the plaintiff's reputation than telling the truth would have done.  The United States Court of Appeals for the Seventh Circuit applied the defense in two cases.  
Haynes v. Alfred A. Knopf, Inc.
, 8 F.3d 1222 (7th Cir. 1993) (the court made an assessment of the plaintiff's reputation and determined that because he was a heavy drinker, a bad husband, a bad father, and an erratic employee, the challenged statements did not cause injury to the plaintiff over and above that caused by the truth); 
Desnick v. American Broadcasting Cos.
, 44 F.3d 1345 (7th Cir. 1995) (the court reversed the dismissal of the plaintiff's complaint and remanded to the circuit court to allow discovery to proceed because it could not determine the plaintiff's deserved reputation).  The 
Haynes
 and 
Desnick
 courts identified this defense as the "substantial truth" defense.  These courts actually created a new defense requiring an evaluation of the challenged statements to determine if the statements caused any incremental injury to a person's reputation.  The Fourth District Appellate Court was the first Illinois court to employ principles similar to the defense of incremental harm (see 
Lemons v. Chronicle Publishing Co.
, 253 Ill. App. 3d 888, 625 N.E.2d 789 (1993)), without explicitly calling it the "incremental harm" defense.  Although there were three challenged statements in 
Lemons
, only one is relevant to the case at hand.  The relevant challenged statement asserted that the jury convicted the plaintiff of two counts of armed violence rather than one count.  The 
Lemons
 court summarily dismissed the plaintiff's claim, stating, "[T]he fact that plaintiff was only convicted of armed violence against one person instead of two as reported in The Pantagraph did not impeach plaintiff's integrity, virtue, or human decency."  
Lemons
, 253 Ill. App. 3d at 891, 625 N.E.2d at 791.  Even though the 
Lemons
 court did not explicitly adopt the incremental-harm defense, the court's use of subjective language moved the analysis from the focus of the defense of substantial truth to the incremental-harm realm of comparative reputation damage.  J. Touhy & W. Rogers, 
The Incremental Harm Defense to Libel: Taking Hold in Illinois?
, 84 Ill. B.J. 192, 195 (1996).

No court in Illinois has explicitly adopted the incremental-harm defense.  We decline to do so now.  To establish the defense, a defendant would need to come forward with evidence establishing the plaintiff's deserved reputation.  In turn, the plaintiff would be forced to either accept the defendant's characterization of his reputation or attempt to refute the claim.  Consequently, a myriad of collateral, unrelated evidence will be presented, diverting the trial from the main objective–determining whether the offending statement is true or false.  Additionally, the incremental-harm defense conflicts with the common law principles governing 
per se
 actions.  Whether the claim is for libel 
per se
 or slander 
per se
, three presumptions arise: a presumption of falsity, a presumption of damage, and a presumption of malice.  
Bloomfield v. Retail Credit Co.
, 14 Ill. App. 3d 158, 302 N.E.2d 88 (1973).  When asserting the incremental-harm defense, a defendant attempts to prove that the defamatory statement, though false, did not injure the plaintiff's reputation.  The incremental-harm defense eliminates the presumption of damages and reintroduces a need for the plaintiff to prove special damages. 

Even if we adopted the incremental-harm defense, the result would be the same.  According to 
Haynes
 and 
Desnick
, the claimed falsehoods must be closely related to the truth about the plaintiff.  In the instant case, defendants twice printed that Kirk Myers had pleaded guilty to a felony, when, in fact, he had pleaded guilty to a misdemeanor.  The legal consequences flowing from a felony conviction are dramatically greater than the consequences flowing from a misdemeanor.  Illinois law establishes many well-known civil disabilities that are imposed upon a person who is convicted of a felony.  Among the disabilities are limitations on the right to vote or hold public office (730 ILCS 5/5-5-5 (West 2000)) and restrictions on the right to possess firearms (720 ILCS 5/24-1.1 (West 2000)).  This list by no means exhausts the consequences under Illinois law that arise from a felony conviction.  Moreover, our sister states and federal law also impose disabilities.  Erroneously reporting a felony rather than a misdemeanor conviction is not closely related to the truth.  If the incremental-harm defense was adopted, it might be applicable where a defendant convicted of a felony was falsely reported to have been convicted of a misdemeanor.  The converse is not true. 

Plaintiffs point out that the circuit court's order dismissing their cause of action is short and without an explanation.  It stated as follows: "Defendants' Motion to Dismiss is allowed.  Clerk to mail copy of this Order to attorneys of record."  Thus, plaintiffs also claim that the circuit court improperly dismissed their complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2000)).  Since both parties' briefs focus on Joan Myers' claims and Kirk Myers' nondefamation claims (false light and reckless infliction of emotional distress), our discussion will be limited to those claims.

Pursuant to section 2-615 of the Code, a motion to dismiss attacks only the legal sufficiency of the complaint.  735 ILCS 5/2-615 (West 2000).  When considering such an appeal, we interpret all well-pleaded allegations and supporting documents in the light most favorable to the nonmoving party.  Only where the plaintiffs fail to allege facts supporting a cause of action should the court grant the motion to dismiss.  
Mars, Inc. v. Heritage Builders of Effingham, Inc.
, 327 Ill. App. 3d 346, 350, 763 N.E.2d 428, 433 (2002).

First, we will focus our discussion on whether the circuit court erred in dismissing Kirk Myers' nondefamation claims.

False-light invasion of privacy protects one's interest in being left alone from false publicity.  In a false-light claim, the plaintiff must prove (1) that he or she was placed in a false light before the public as a result of the defendant's action, (2) that the false light in which he or she was placed would be highly offensive to a reasonable person, and (3) that the defendant acted with knowledge that the information published was false or with reckless disregard for whether the information was true or false.  
Kurczaba v. Pollock
, 318 Ill. App. 3d 686, 696, 742 N.E.2d 425, 434-35 (2000).  In cases where both defamation and false-light claims are applicable, the plaintiff can proceed under either theory or both, although there is only one recovery for each publication.  
Parker v. House O'Lite Corp.
, 324 Ill. App. 3d 1014, 1032, 756 N.E.2d 286, 301 (2001).

We have reviewed the complaint in this case.  The circuit court dismissed Kirk Myers' count alleging false light even though Kirk Myers' complaint alleged sufficient facts to state a valid cause of action for false light.  The circuit court erred in dismissing counts VII, VIII, XV, and XVI. 

Next, plaintiffs also claim that the circuit court erred in dismissing their claims for reckless infliction of emotional distress, pursuant to section 2-615 of the Code.  We disagree.

In order to state a cause of action for reckless infliction of emotional distress, the following three elements are necessary: (1) the defendant's conduct was extreme and outrageous, (2) the defendant knew that there was a high probability that his or her conduct would cause severe emotional distress, and (3) the conduct in fact caused severe emotional distress.  " '[T]he nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency[] and to be regarded as intolerable in a civilized community.' " 
Parker v. Bank of Marion
, 296 Ill. App. 3d 1035, 1039, 695 N.E.2d 1370, 1373 (1998) (quoting 
Kolegas v. Heftel Broadcasting Corp.
, 154 Ill. 2d 1, 21, 607 N.E.2d 201, 211 (1992)).  The extreme and outrageous nature of the conduct may arise not so much from what is done as from an abuse by the defendant of some relation or position that gives him or her power to damage the plaintiff's interests.  
Parker
, 296 Ill. App. 3d at 1039, 695 N.E.2d at 1373.

We have reviewed plaintiffs' complaint and find that it does not allege the specific facts that are essential to establishing a cause of action for reckless infliction of emotional distress.  See 
Welsh v. Commonwealth Edison Co.
, 306 Ill. App. 3d 148, 155-57, 713 N.E.2d 679, 684 (1999) (Illinois is a fact-pleading jurisdiction, and a plaintiff must allege essential facts showing intentional infliction of emotional distress).  Plaintiffs' claims for reckless infliction of emotional distress were properly dismissed.

Finally, plaintiffs claim that the circuit court erred in dismissing Joan Myers' claims, counts IX through XVI.  Specifically, plaintiffs allege that because Joan Myers' last name was used in the published articles, a third party could reasonably conclude that the news account referred to Joan Myers.  We disagree.

Statements cannot defame a person or cast a person in a false light unless they are "of and concerning" that individual.  
Barry Harlem Corp. v. Kraff
, 273 Ill. App. 3d 388, 390, 652 N.E.2d 1077, 1080 (1995).  Plaintiffs state, however, as follows:

"Joan E. Myers[] is *** the lawful spouse of Kirk Myers.  The articles published by the defendants inserted the name of 'Myers' into each article.  Although the name 'Joan E. Myers' does not appear in the articles published by the defendants[,] a reader could reasonably conclude that the article refers to the plaintiff, Joan E. Myers.  Moreover, a reader could reasonably impute Joan E. Myers with the conduct of her husband, Kirk Myers, as it appeared in the defamatory articles published by the defendants."

Plaintiffs suggest that even though the challenged news articles never mentioned the name "Joan E. Myers," never mentioned that Kirk Myers is married, and never alluded to her by name or by her status as Kirk Myers' wife, these articles could, nonetheless, be "of and concerning" her.  She also claims that because the articles mentioned "Myers" after mentioning Kirk Myers' full name, his conduct could be imputed to her.  We disagree and find the cases cited by plaintiffs to be inapplicable to the instant case.  Such a standard would mandate that every news story state the full name of the subject of the story every single time that person's name is mentioned or else risk a lawsuit from anyone else of the same last name.  This is not the law in the State of Illinois, and we refuse to fashion the law in such a way that every news story about a married person would have to specify that his or her spouse is not the subject of the story.

Based on the foregoing considerations, we reverse the portion of the circuit court's order dismissing Kirk Myers' defamation claims and false-light invasion-of-privacy claim, and we remand for further proceedings.  Additionally, we affirm the circuit court's dismissal of all of Joan Myers' claims and Kirk Myers' claim for reckless infliction of emotional distress.

Affirmed in part and reversed in part; cause remanded.

KUEHN and HOPKINS, JJ., concur.

                                      NO. 5-01-0462

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

KIRK MYERS and JOAN E. MYERS, )  Appeal from the

)  Circuit Court of

     Plaintiffs-Appellants, )  Madison County.

)

)  No. 01-L-136

)

THE TELEGRAPH and )

THOMAS WRAUSMANN, )  Honorable

)  George J. Moran,

     Defendants-Appellees. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: July 12, 2002

___________________________________________________________________________________

Justices
: Honorable Gordon E. Maag, P.J.

Honorable Clyde L. Kuehn, J., and

Honorable Terrence J. Hopkins, J.,

Concur

___________________________________________________________________________________

Attorneys
 Karen D. Burkart, Thomas W. Burkart, Burkart Law Offices, 130 West State Street, 

for
 P.O. Box 447, Hamel, IL 62046

Appellants
 

___________________________________________________________________________________

Attorneys
 Theodore J. MacDonald, Jr., Thomas Scott Stewart, Burroughs, Hepler, Broom, 

for
 McDonald, Hebrank & True, Two Mark Twain Plaza, Suite 300, 103 West Vandalia 

Appellees
 Street, Edwardsville, IL 62025; Corby Anderson, John Bussian, Smith, Helms, Mulliss

& Moore, L.L.P., 2800 Two Hanover Square, Raleigh, NC 27611

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 07/12/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.